Stayton, Associate Justice.
The appellee leased to one Roach, for the period of eight months, beginning on January 1, 1885, a store house in the town of Ennis, for which Roach agreed to pay a rental of thirty dollars per month, which was to be paid monthly. Roach used the house until about January 30, at which time he sold his stock of goods, then on the premises, to Marsalis & Co. and others of his creditors. Appellants and Roach each notified appellee of the sale, and that the house would be abandoned and vacated on the first day of February, and tendered one month’s rent, which Pitman refused to receive.
On January 33, 1885, Pitman sued out a distress warrant and caused it to be levied on goods bought by Marsalis & Co., sufficient to pay the rent of the house for the full term of eight months. The goods at the time of seizure were on the rented premises and when they were seized, appellants made claim under the statute and filed the bond required. The house was vacated by Roach in accordance with the notice given to the lessor. After it was vacated, Pitman rented it for a short period (from July 11) to another person at the same rental that Roach had agreed to pay, and in a judgment entered in the distress proceeding, credit was given to Roach for the money *628 received as rent by Pitman for that period of the eight months during which the house was used by the second tenant. On the trial of this cause, judgment was entered subjecting the property seized under the distress warrant to the payment of the judgment obtained by Pitman against Roach.
It is urged that Pitman had no lien for rent other than that due for the month of January, and that it was error to hold the property seized subject to the payment of all the rent due for the entire term of eight months, except as the claim had been satisfied by money raised from the second tenant. (Rev. Stats., art. 3107.) The statute provides that “all persons leasing or renting lands or tenements, at will or for a term, shall have a preference lien upon the property of the tenant, hereinafter indicated for any rent that may become due.”
Some difference of opinion arose as to whether the aot of April 4, 1874, from which we have quoted, had application to the lease or renting of lands other than agricultural, as will be seen from an examination of the case of Rumburg v. Shafer, 51 Texas, 137. In order to remove all questions upon this point, the act of April 22, 1879, was doubtless passed. The first section of that act provides: “That all persons leasing or renting any residence or store house or other building shall have a preference lien upon all the property of the tenant in said residence or store house, or other building, for the payment of the rents, due and that may become due, and such lien shall continue and be in force so long as the tenant shall occupy the rented premises and for one month thereafter,” etc. (Rev. Stats., art. 3322a.) The succeeding article declares that “the object of this and the preceeding article being to extend the operation of such law so as to include and protect liens on residences and store houses and other buildings occupied or used by tenants and conferring on the owners thereof the same rights and privileges as are now conferred by law on other landlords.” (Rev. Stats., art. 3132b.)
The landlord’s lien exists by force of these statutes, and not simply by force of the levy of the process which the law permits to be used to enforce it; and attaches to any property owned by the tenant and placed on the rented premises during the term, except as property may be relieved from this superior or preference lien by the terms of the act, or operation of laws exempting property from forced sale.
How long, and to secure what debts, does the landlord’s lien *629 attach by force of the law? These inquiries, it seems to us, the statute itself answers. “Such lien shall continue and be in force •so long as the tenant shall occupy the rented premises and for ■one month thereafter,” is the express declaration of the statute.
The lien of the appellee had doubtless attached to the goods which Roach sold to the appellants. They were the property of Roach, placed by him on the rented premises, which he was •occupying under the terms of the lease at the time he sold to appellants, and he did not divest the lien by the fact of sale; for the only sale of goods, wares or merchandise by a merchant, trader or mechanic tenant, which can divest the lien of a landlord, that has once attached, is a “sale and delivery in good faith, in the regular course of business, by the tenant.” (Rev. Stats., art. 3110.) The sale may have been in good faith, but it was not a sale in the regular course of the business of a merchant. The statute declares that the lien shall exist to secure “the payment of the rents due and, that may become due”
There is no controversy as to the right of the landlord to a lien and to enforce it when the rent is due, so long as the tenant shall occupy the rented premises and for one month after his occupation ceases; and so, without the issuance or service of any process whatever—but it is claimed that this is the extent of the landlord’s right. This view we think inconsistent with the language as well as the spirit of the statute.
The statute gives the lien for rents that may become due, as well as for rents due. It, however, doubtless was never intended to give such a lien for debts which, by a mere possibility, might -at some future time become due to the landlord from the tenant for the rent of a given property. If a tenant should rent for one month only, it is evident that during that month no lien could attach to secure rent for a month or more succeeding that covered by the rental contract, on the bare possibility that the tenant might rent the property for a term subsequent to that covered by the rent contract.
If, however, a rental contract exists, by which the tenant is ■entitled to occupy the rented premises for a given term, and by which the landlord is entitled to receive a fixed rent for the entire term, then it must be said that within the meaning of the statute the rent will or may become due for the entire term fixed by the contract, even though the contract provided for the payment of certain parts of • the entire rent at stated periods *630 during the term; for when, by contract, the relation of landlord and tenant has been established, the latter can not resist the demand for rent unless he show eviction under paramount title, or that for some reason recognized by law as sufficient he was entitled to and did quit the premises.
He can not defeat the right of the landlord to have the rent become due by his own voluntary abandonment of the premises. The law regards the rent which the tenant has contracted to pay and the landlord, under the contract, is entitled to receive as the rent that may or will become due, and to secure the payment of this gives the lien. The use of the words “ may become due ” evidence the intention of the Legislature to give the lien to secure the rent contracted to be paid for the entire term.
The statute regulating the manner and right to enforce, by distress, the payment of rent, denies the right to use it unless the rent is due, if the tenant be not about to remove from the leased premises or about to remove his property therefrom; but if the tenant be about to do either of these things, then the right to distrain for rent is given. The purpose of a distress warrant is not to fix a lien, but to seize and secure property on which the law has given a lien, that it may be sold in satisfaction of the debt or demand secured by the existing lien. The existence of a lien is the yery foundation on which the right to a distress warrant stands, and that this writ may be issued when the rent is not due, evidences clearly the intention of the Legislature to give the lien and thus enforce it for rent not due, but which, under the rental contract, will or may become due when the circumstances named exist, and thereby the security which the lien gives is imperilled by the act of the tenant. .
The rent for the entire term was not due when the appellee sued out the distress warrant and caused it to be leyied, but the tenant was about to remove from the rented premises, and his vendees were about to remove the goods; the debt which Pitman seeks to enforce the payment of was one that “may become due” for rent, had become due and was secured by a lien that could not be defeated by the sale which the tenant made to the appellants. The judgment of the court below is, therefore, correct.
Our -attention has been called to the case of Green v. Bear Brothers & Hirsch (5 Texas Law Review, 597), and to the case of Real Estate Association v. Cochran, 60 Texas, 620, and appellants rely upon them for a reversal of the judgment. These cases *631 were decided by the Commission of Appeals, and the disposition of the cases recommended was adopted. There is doubtless much in the opinions in these cases which would lead to the holding in this case that the appellee had a lien only to secure the rent due for the month of January. There were jurisdictional questions involved in the case first named which, in part at least, were correctly decided, but a further examination of the case, as reported, induces us to believe that the rulings in that case as to the extent of the landlord’s lien were erroneous.
Opinion delivered October 18, 1887.
The question involved in this case was not involved in the case of Building Association v. Cochran. „ The renting in that case was a monthly renting, but the tenant continued to occupy the premises without any other agreement for several years. In September, 1879, the tenant executed a mortgage on property in the rented premises, and under its foreclosure, Cochran became the purchaser. The tenant continued to occupy the house until November, 1880, when there was rent due for the months of September and October of that year, and for this, and for rent due for subsequent months; the landlord sued out distress warrants, and a contest arose between Cochran and it as to the priority between the lien given by the mortgage executed in September, 1879, and the landlord’s lien for the rents for September and following months in 1880. It was held that the lien created by the mortgage was the prior and superior lien. At the time the mortgage was given no rent was due or to become due, but all rent, under the monthly renting, had been paid for nearly a year after the mortgage was executed. There are many statements, however, in the opinion in that case which would lead to a decision of the case before us in accordance with the views of the appellants, but they were not called for by the facts of this case, were unnecessary to its decision, and must be considered as dicta.
If the rule, as we understand it to be established by the Legislature, unduly restrains trade or in any other respect operates harshly, the Legislature will, when called to its attention, no doubt make such changes, if any, as ought to be made; but the courts can do no more than to administer the law as they find it.
There is no error in the judgment, and it will be affirmed.
Affirmed.