## No. 2328.

## JAMES T. BOYKIN ET AL. *v.* ROSENFIELD & CO.

1. SEQUESTRATION—PETITION.—A petition properly sworn to, in which a writ of sequestration was prayed for, described the property to be sequestered as saw logs, in the defendants' possession, in the county where the suit was brought, "each marked cross within a circle on the end of the log, averaging from fourteen to thirty feet in length and from one foot to thirty inches in diameter and containing in the aggregate about 465,750 feet by measurement." The value of each log was stated. *Held:* that the property to be sequestered was described with sufficient certainty, there being nothing in the pleadings of either party showing that there was any other property than that seized, which answered the description given.

2. SAME—BOND.—When sequestration is sought against several who are jointly sued, it is not necessary that the plaintiff should execute bond separately to each defendant.

3. MORTGAGE—DESCRIPTION.—A chattel mortgage on certain logs then in a place designated, and on a certain number of other logs which were to be cut by the mortgagor on land described and placed with the former within a specified time, sufficiently describes the property on which the debt is secured. A mortgage on standing trees to be cut by the mortgagor is not void as a chattel mortgage.

4. SAME—JOINDER OF PARTIES.—In a suit to foreclose a mortgage against parties, each of whom claims in his own right and holds possession of a portion of the mortgaged property, all may be joined as defendants. If the mortgaged property, after sequestration, be replevined by the defendants jointly, a joint judgment may be rendered against all; their joint liability resulting from their bond.

5. CHATTEL MORTGAGE.—Construing section 2 of an act in relation to chattel mortgages, approved April 22, 1879, *held*, that the statute does not require, when a copy of a chattel mortgage is filed with the clerk instead of the original, that the copy shall show that the original was acknowledged; that the copy is a true copy and that the original was acknowledged must be ascertained by the clerk before filing. If a copy is filed, and either the correctness of the copy or the fact that the original was acknowledged be controverted, the original mortgage would afford the best evidence.

6. EVIDENCE.—As against parties who bought property covered by a chattel mortgage, with notice of its existence, parol evidence to show that an entry made by the clerk as follows: "satisfied in ——," is admissible to explain the circumstances under which such incomplete entry was made and whether the mortgaged property had been relieved or not.

APPEAL from Marion. Tried below before the Hon. W. P, McLean.

*Todd & Rowell* and *Vaughan & Leary,* for appellants: On their proposition that the property sequestered was not properly described, cited Revised Statutes, article 4490, clause 3; Id., article 4494; Woessner v. Fly, 63 Texas, 199.

That there should be a bond to each defendant, they cited Revised Statutes, article 4492; Woessner v. Fly, 63 Texas, 199.

That the mortgage was void on its face as a mortgage to affect third parties, they cited 1 Jones on Mortgages, section 66; Jones on Chattel Mortgages, section 56; Boone on Mortgages, section 236; Blakely v. Patrick (67 N. C.), 12 American Reports, 602.

That the court erred in admitting in evidence both the original mortgage and the copy filed, and in holding that there was constructive notice of the acknowledgment of the original, they cited Appendix Revised Statutes, page 16, section 2; Brothers v. Mandell, Munzesheimer & Company, 60 Texas, 241.

That, where the mortgagor remains in possession, and the record is improperly or insufficiently made, then, there being no record, the mortgage is void absolutely against creditors of the mortgagor or subsequent purchasers, they cited Appendix Revised Statutes, page 16; Brothers v. Mandell, Munzesheimer & Company, 60 Texas, 242; Cook & McElvey v. Halsell, 65 Texas, 6.

No briefs are on file for the appellees.

STAYTON, ASSOCIATE JUSTICE. This action was brought by the appellees to recover from J. T. Boykin a debt secured by chattel mortgage, which they sought to foreclose. They alleged that a part of the mortgaged property was in the possession of P. T. Norwood and another part in the possession of G. T. Todd. Desiring to sequester the property, they made the necessary affidavit, which showed that the mortgaged property, consisting of five hundred pine logs, was in the possession of the defendants Norwood and Todd, the former having three hundred, and the latter two hundred.

The logs were described as in Marion county, in the possession of the named defendants, each marked cross within a circle on the end of the log, "averaging from fourteen to thirty feet in length and from one foot to thirty inches in diameter, and containing

in the aggregate about four hundred and sixty-five thousand seven hundred and fifty feet in measurement." The value of each log was also stated. The sequestration bond was made payable to all the defendants. The defendants Norwood and Todd, with sureties, executed together one replevin bond, conditioned, as required by law, to return all the logs which had been seized under the writ of sequestration. The defendants moved to quash the writ of sequestration, on the ground that there was no sufficient description of the logs to authorize the writ to issue. This motion was overruled, and this is assigned as error.

The statute provides that "the property to be sequestrated shall be described with such certainty that it may be identified and distinguished from property of a like kind, giving the value of each article of property and the county in which it is situated." (Rev. Stats., art. 4490.) We are of the opinion that the description given of the logs was sufficiently specific. The petition, which stated the facts for sequestration, was sworn to, and showed that the logs in controversy were cut off of certain tracts of land by Boykin, and that they had to be floated to the place where, under the mortgage, they were to be put, and there is no pretense that there were any other logs answering the description given in the petition. One of the methods which the law has required for the identification of logs to be floated or rafted, is a brand. (Act April 7, 1879.) The logs in question were described by a brand as well as otherwise, and whether the brand had, at the time, been so recorded as to make it, under the statute evidence of ownership, it was, under the facts of this case, sufficient to identify the logs, the other matters of description required by the statute having been fully given. It would be very difficult more accurately to describe such property.

It might as well be asked, in case of the application for a writ of sequestration to seize a stock of cattle bearing one brand, that a particular description of each animal should be given in addition to the brand. The law does not require the impracticable.

It is further urged that the writ of sequestration should have been quashed because a separate sequestration bond was not executed to each defendant. There was no such objection made in the court below. The objection was "for want of a sufficient affidavit and bond." This was an objection to the form and manner of execution of the bond, and did not suggest that more than one bond should have been given. Had the objection now urged been made in the court below, we are of the opinion that

it should have been overruled. The statute does not require there shall be a bond executed separately to each defendant in a case in which there are several defendants against whom sequestration is sought; and, however many defendants there may be, the bond, if in not less than double the value of the property to be seized, gives as ample security to all as would separate bonds, all, in the aggregate, for no greater sum.

The mortgage was upon one million and a half feet of pine sawlogs, a part of which were in Clinton lake at the time the mortgage was executed, and the remainder were to be cut by Boykin and placed there within time specified, from lands which were designated, the mortgage to cover all timber cut therefrom until the quantity was reached. It is urged that the mortgage was void, as to third persons, and the inferences are that this was claimed on the ground that the property was not sufficiently described, and on the further ground that the mortgage of standing trees was not good as a chattel mortgage. The description of the property was sufficient, and it is very generally held that a mortgage of trees to be cut and removed from the freehold, or a mortgage of growing timber by one who has purchased the same, to be cut and removed from the freehold, is a mortgage of personal property, and will avail the mortgagee if it be recorded as a chattel mortgage. (Jones on Chattel Mortgages, and cases cited in notes 2 and 3.)

Norwood and Todd each claimed and had possession of a part of the mortgaged property, and there was no error in overruling an exception to the petition which claimed that there was a misjoinder of parties defendant. If Norwood and Todd had severally executed replevy bonds, which only entitled each to resume or retain possession of the logs claimed by each, then a joint judgment should not have been entered against them and sureties, but they executed a joint bond whereby they both became entitled to the possession of the logs, and they thus subjected themseles and the sureties on their bond to a liability to just such a judgment as was rendered against them. Their liability arose upon that bond, and the court correctly held them bound, as, by it, they bound themselves.

A copy of the mortgage executed to appellees by Boykin was filed in the office of the county clerk instead of the original, and its introduction in evidence was objected to on the ground that it did not appear from the copy that the original was duly acknowledged. The statute regulating the registration of chattel

mortgages provides that "upon the receipt of any such instrument the clerk shall endorse on the back thereof the time of receiving it, and shall file the same in his office, to be kept there for the inspection of all persons interested; provided, that if a copy be presented to the clerk for filing instead of the original instrument, he shall carefully compare such copy with the original, and the same shall not be so filed unless it is a true copy thereof; and a copy can be filed only when the original has been acknowledged." (Rev. Stats., act April 22, 1879.) This act does not require a copy filed with the clerk to show that the original was acknowledged, but it does require the clerk to ascertain, before he files a copy that it is a true copy, and that the original was acknowledged. The original mortgage seems to have been offered with the filed copy and it was objected to on the ground that it had not been filed with the clerk.

The third section of the act to which we have referred provides that "a copy of any such original instrument, or of any copy thereof so filed as aforesaid, certified to by the clerk in whose office the same shall have been filed, shall be received in evidence of the fact that such instrument or copy was received and filed according to the indorsement of the clerk thereon, *but of no other fact.*" If a copy is filed with the clerk, and a question is raised as to whether it is a true copy, or as to whether the original was acknowledged, the original would seem to be the best evidence of those facts, and should be admitted to prove them; for the statute does not make the fact of filing evidence of any fact other than that the "instrument or copy was received and filed according to the indorsement of the clerk thereon."

It is not claimed that the paper filed was not a true copy of the original mortgage, nor that the latter was not properly acknowledged before the copy was filed, and there was no error in admitting both the original and copy. If the original should be lost or destroyed and a person claiming under it unable to show that the paper filed was a true copy, or that the original was acknowledged, a question might then arise as to whether any presumption as to those matters might arise from the fact that the clerk had received and filed a paper purporting to be a true copy of a chattel mortgage; but no such question arises in this case.

Boykin had executed another chattel mortgage to the appellees, and the debt which it had been made to secure having been paid, the attorney for appellees directed the clerk, as the statute permits, to make an entry showing it satisfied; but the clerk,

through mistake, commenced to enter satisfaction of the mort‑ gage involved in this case, when he was stopped after having written the words "satisfied in —." Evidence to show these facts —the appellants claiming that the record showed the mortgage satisfied—was admitted, and it is urged that this was error.

There was no error in this. The entry upon its face showed that it was imperfect, and there can be no pretense, under the evidence, that the appellants were misled by it and thus induced to buy the mortgaged property; on the contrary, both Norwood and Todd were notified of the existence of the mortgage at the time they bought.

The other questions presented are questions of fact, all of which were decided against the appellants in the court below upon evidence amply sustaining the findings, and they need not be further considered.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*

**Opinion delivered October 28, 1887.**