JAMES E. RANCK v. HOWARD-SANSOM COMPANY ET AL.

No. 174.

**1. Chattel Mortgage—Instrument Construed.**—An instrument duly signed and reading as follows: "Alvarado, Texas, 10–21, 1889. Due James E. Ranck, 30 days after date (for 29 mules and 1 mare), $1300, value received—mules to stand for debt," will, if the parties to it intended thereby to evidence a lien on the mules, constitute, as between such parties, a valid chattel mortgage, and resort may be had to parol evidence to more clearly identify the property.

**2. Same—Registration not Necessary, when.**—Registry of a chattel mortgage is not necessary as between the parties thereto, but only as against creditors of the mortgagor, and as against subsequent purchasers and mortgagees or lien holders in good faith.

**3. Same—Defeasance not Requisite.**—If the instrument was intended as a security for debt, it is not necessary, in order for it to be a valid chattel mortgage, that it should contain a defeasance, or show a retention of the property by the mortgagee.

APPEAL from Johnson.    Tried below before Hon. J. M. HALL.

*Andrew King* and *Smith & Davis*, for appellant.—The court erred in sustaining the exceptions of defendant Cotter and dismissing the suit as to him; and also in failing and refusing to declare the debt for which judgment was rendered in this case against Howard and Sansom a lien upon the twenty-nine mules described in plaintiff's petition, and in refusing to foreclose said lien in and upon said mules.    Stewart v. Jaques, 4 Am. St. Rep., 86; Jones on Chat. Mort., secs. 53, 54.

*Bledsoe, Patton & Brown*, for appellees.— The instrument set out in plaintiff's petition, and on which he relies, is wholly ineffectual as a mortgage, because it contains none of the requirements of a valid mortgage, except that it evidences the existence of a debt due from the Howard-Sansom Company to plaintiff.    Jones on Chat. Mort., secs. 8, 9, 10, 54a; Gay v. Hardeman, 31 Texas, 245; Tindal v. Wasson, 75 Ind., 495; 1 Jones on Liens, secs. 33, 818–872; Lee v. Cole, 17 Ore., 559; Warner v. Wilson, 73 Iowa, 719; Barrett v. Fisch, 76 Iowa, 503.

TARLTON, CHIEF JUSTICE.—Appellant, as plaintiff, brought this suit in the District Court of Johnson County against D. J. Howard and W. A. Sansom, composing the firm of Howard-Sansom Company, and against G. W. Cotter, seeking to recover the amount of a certain due bill, and to foreclose an alleged lien on twenty-nine mules, which had been previously sold by him to Howard-Sansom Company, and for which the due bill had been executed.    November 20, 1890, a personal judgment by default was rendered against the defendants, T. J. Howard and W. A. Sansom, for the amount of the obligation sued upon, but the court de-

clined to recognize the alleged lien, and rendered judgment in favor of the defendant Cotter. It sustained a special exception addressed by Cotter to the plaintiff's petition; hence this appeal.

The special exception assailed the alleged lien or mortgage as a nullity on three grounds: first, for want of sufficient description; second, for want of a defeasance clause in the instrument; third, because it did not show that possession of the mules was retained by the mortgagee. We have only to consider the correctness of the court's action in sustaining this exception.

The instrument declared upon is as follows:

"ALVARADO, TEXAS, October 21, 1889.

"Due James E. Ranck, thirty days after date (for twenty-nine mules and one mare), $1300, value received. Mules stand for debt.

[Signed]                     "HOWARD-SANSOM Co.
                             "By W. A. SANSOM, President."

The petition alleged, that this due bill was given in part payment for twenty-nine mules, particularly described by color and brands in an exhibit attached to the petition; that by the expression in the instrument, "mules stand for debt," it was meant that the plaintiff retained a lien on the mules in part payment of which the due bill was given, and that it was so understood between all the parties thereto; that the defendant Cotter claims to have bought the mules from one Jesse Hill, as receiver of W. A. Sansom, but that if he did buy them, he was only a nominal purchaser; that he bought the property for the use and benefit of W. A. Sansom, who, ever since the sale, has retained possession thereof.

Our statute (article 3190b, Sayles' Civil Statutes) provides, that unless registered in the manner therein prescribed, "every instrument intended to operate as a mortgage or lien upon personal property, which shall not be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the property mortgaged or pledged by such instrument, shall be absolutely void as against the creditors of the mortgagor or person making same, and as against subsequent purchasers and mortgagees or lien holders in good faith."

From the foregoing language it will be noted, that on failure to comply with the conditions named the instrument becomes void, not as between the parties thereto, but "as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees or lien holders in good faith." Under the allegations of the petition, the defendant Cotter was neither a creditor of Howard-Sampson Company, the makers of the instrument declared upon, nor was he a purchaser in good faith, nor a mortgagee or lien holder. He was but a nominal purchaser, taking the property for the use and benefit of the debtor, W. A. Sansom. He occu-

pies, therefore, the same attitude as W. A. Sansom and Howard and Sansom, who executed the instrument in question. He is identified with them. and under the averments of the petition his rights are no higher than theirs, and he is, in effect, to be regarded as a party to the instrument. We have, therefore, to consider whether, as a chattel mortgage or lien, the instrument is void as to W. A. Sansom or Howard-Sansom Company, who made it; and this question, the authorities, as we read them, answer in the negative. The registry of the instrument in the manner provided is not necessary to its validity, except as to the third parties described in the statute.

As between the parties, we are also of opinion, that the description is not so vague as to invalidate it as a mortgage. Where third parties are not involved, it is not necessary that the description should be specific, for resort may be had to parol evidence to more clearly identify the property. Jones on Chat. Mort., secs. 55, 64.

Nor do we concur with the trial judge, that the instrument, in order to be valid as a mortgage or lien, should contain a defeasance, or show a retention of the animals by the mortgagee. If the instrument be intended as a security for debt, it should be held to be a chattel mortgage or lien within the contemplation of our statute, since under our system regard is had rather to substance than to form. Stampers v. Johnson, 3 Texas, 1; Gray v. Shelby, 83 Texas, 405.

It will be noted, that we are not passing upon the rights (if they exist) of the defendant Cotter as a creditor or purchaser or mortgagee for value. In this light he seems to have been regarded by the trial court; erroneously, we think, under the averments of the petition.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered June 9, 1893.