### TIPS v. GAY et al.

(Court of Civil Appeals of Texas. Austin. March 13, 1912.)

1. CHATTEL MORTGAGES (§ 47*)—DESCRIPTION OF PROPERTY—SUFFICIENCY.

The description of the property mortgaged as "one 3 70-saw secondhand gin outfit complete, including engine and boiler," sufficiently described the mortgaged property, since it could be shown by parol evidence the particular gin outfit meant.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 87, 88, 96–103; Dec. Dig. § 47.*]

2. CHATTEL MORTGAGES (§ 138*)—PRIORITY.

Where plaintiff owned certain machinery when defendant, who contemplated purchasing it shortly, executed a chattel mortgage thereon to sureties on his notes, a mortgage, subsequently executed to plaintiff by defendant to secure the purchase price of the chattels, was entitled to priority over that executed to the sureties; the subsequently acquired title by

---

defendant not making the mortgage executed to the sureties good as against plaintiff.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 228–236; Dec. Dig. § 138.*]

**3. CHATTEL MORTGAGES (§ 84*) — RECORDING —NECESSITY AS BETWEEN PARTIES.**

A chattel mortgage is effectual, as between the parties, without being recorded.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 152; Dec. Dig. § 84.*]

**4. CHATTEL MORTGAGES (§ 153*)—PRIORITY.**

On July 22, 1907, defendant, to indemnify his sureties on a note executed to plaintiff for the purchase price of machinery which he contemplated purchasing from plaintiff, executed a chattel mortgage on the machinery, which was filed for record on August 20th. On July 24, 1907, defendant executed a chattel mortgage on the machinery to plaintiff, to secure the purchase price thereof; but it was not filed for record until February 28, 1908. Plaintiff did not know of the prior mortgage attempted to be executed by defendant. Held, that plaintiff occupied a position analagous to that of an innocent purchaser for value, and his mortgage lien was superior to a prior mortgage, executed to defendant's sureties, though that mortgage was first recorded.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 255–262, 267, 268; Dec. Dig. § 153.*]

**5. HOMESTEAD (§ 115*) — HOMESTEAD INTEREST.**

A mortgage on homestead land is void.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 183, 184, 186–190; Dec. Dig. § 115.*]

**6. CHATTEL MORTGAGES (§ 124*)—PROPERTY COVERED.**

A chattel mortgage on a ginhouse, boiler room, etc., with all of the machinery, fixtures, tools, etc., appurtenant thereto, "such as are not previously incumbered," and providing that it should not affect a previous lien on the machinery and gin, would cover machinery released from the prior chattel mortgage by its sale by the mortgagee, unless it had become a part of the realty.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 218, 219; Dec. Dig. § 124.*]

**7. CHATTEL MORTGAGES (§ 153*)—RECORDING —FAILURE TO RECORD.**

An unrecorded chattel mortgage would be void as to a subsequent mortgagee, under a recorded mortgage, having no notice of the prior mortgage.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 306; Dec. Dig. § 153.*]

Appeal from District Court, San Saba County; Clarence Martin, Judge.

Action by Walter Tips against J. G. Gay and others. From the judgment, plaintiff appeals. Reversed and remanded.

Rector & Rector, of San Saba, for appellant. G. A. Walters, of San Saba, for appellees.

JENKINS, J. This suit was brought by Walter Tips against J. G. Gay on two promissory notes, executed by said Gay in the sum of $925 each, and also on account against said Gay for $136.43, and also for $36.43 taxes paid by said Tips on said property

and gin lot for 1910. The said notes were executed on July 24, 1907, and on same day Gay executed a chattel mortgage, in words and figures as follows:

"In accordance with the contract under which J. G. Gay, who resides in San Saba county, Texas, has purchased the following described property now situated at Crothers in McCulloch county, Texas, from Walter Tips, Travis county, Texas, to wit: One 3 70-saw secondhand gin outfit complete, including engine and boiler, and as further and additional security to said contract a lien and chattel mortgage is hereby executed and granted unto said Walter Tips upon said above-described property, to secure the payment of the amount due for the same in accordance with the terms of the notes given for the same, copies of which are hereto attached. Witness our hands this 24th day of July, 1907. J. G. Gay.

"$925. On or before December 1, 1908, for value received, I, we or either of us, promise to pay to the order of Walter Tips nine hundred and twenty-five dollars, with interest from August 1, 1908 until paid at the rate of eight per cent. per annum, payable annually at Austin, Texas, and if interest be not paid when due to become as principal and bear same rate of interest. This note is given in part payment of one 3 70-saw secondhand gin outfit complete, including engine and boiler, upon which a lien is hereby given and granted to secure the payment of the unpaid purchase money for the same. I also agree to pay an additional sum of ten per cent. on the amount due, as an attorney's fee, if this note is placed in the hands of an attorney for collection, or collected by suit. This note is No. 1 of a series of two notes of even date and of like tenor herewith, as per statement below, and agree that in case of default in the payment of any of the same or the interest thereon when due, that each and all of said notes shall, at the option of the holder, become due and payable, and he may demand payment and institute proceedings on said notes or any of them in the same manner as if the same by their terms were past due. J. G. Gay. Post office: Richland Springs, Texas.

"Note No. 1. $925.00, December 1, 1908. Note No. 2. $925.00, December 1, 1909. No. 4,705."

Then follows a copy of note No. 2, which is identical with No. 1, except as to date of maturity; No. 2 falling due December 1, 1909, and is numbered 4,706.

Said chattel mortgage was, on February 28, 1908, filed in the office of the county clerk of San Saba county, where the defendant, Gay, then resided, and where said machinery was situated when said chattel mortgage was executed.

On September 24, 1910, Gay executed a second mortgage to Tips on said machinery and the land on which the same was sit-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

uated, to secure the above-described indebtedness, given as additional security for the same, and in consideration of the extension of said indebtedness.

On July 22, 1907, and prior thereto, Walter Tips owned said machinery, and the same was then situated at Rochelle, also known as Crothers, in McCulloch county, Tex. By agreement with Tips, and in contemplation of purchasing the same, Gay moved said machinery to Hall Valley, in San Saba county, and the same was there situated when said chattel mortgage was executed.

On July 22, 1907, in order to enable the said Gay to make a cash payment of $750 on said machinery, Harry Davenport, Leslie Davenport, J. C. Foster, C. W. Wicker, C. W. Reynolds, and A. O. McCurdy signed with said Gay, and as sureties for him, a note to the First National Bank of San Saba for $630, and the said Gay, for the purpose of indemnifying his said sureties on said note, on same day executed to the said bank a chattel mortgage on said machinery, describing the same as "one 54x14 Atlas tubular boiler, 125 pounds working pressure complete with ¾ front and all fillings new; one 10x16 right-hand Atlas automatic secondhand engine; one C boiler feed pump and all pipe and fittings to connect; three 70-saw Munger gins; three 70-saw cleaning feeders; three 70-saw lint flue system; one Buttery condenser for three 70-saw gins; one Munger double box cylinder press with steam packer; one seed auger and all shaftings, hangers, pulleys, and belts to make outfit complete inside the ginhouse. Also one platform wagon scales, and one set of cotton balances for weighing purposes." This mortgage was filed with the clerk of San Saba county August 20, 1907. Tips had no notice of the execution of this mortgage when he took the chattel mortgage from Gay, above set out. Harry Davenport and his cosureties paid said note upon maturity. They were made parties defendant herein, and alleged that their said mortgage created a prior lien in their favor on said machinery, as against the lien of Tips under the mortgage executed to him, as above stated.

On November 4, 1909, Gay and wife executed to Cleveland Sammons, trustee for the South Texas Lumber Company, a mortgage on the tract of land, described as about two acres, on which said gin was situated, and upon the ginhouse, seedhouse, and boiler room, "together with all machinery and fixtures, tools and implements, and all appurtenances thereunto appertaining, such as are not previously incumbered. This conveyance is in no manner to annul or affect a previous lien on the machinery, tools, etc., is also included in this conveyance, being the same gin, etc., on land above described."

The South Texas Lumber Company was made a party defendant herein, and it set up said mortgage as superior to each of the mortgages hereinbefore described. M. Ber-

ringer was also made a party defendant, as claiming a prior lien on "one hydraulic ram and caps and one hydraulic press, being a part of the machinery on said gin lot." Berringer answered, asking for a foreclosure of his said lien, and for judgment against said Gay on two promissory notes, executed by said Gay for said ram, etc., for $75 and $50, respectively. The death of Walter Tips was suggested, and his heirs were made parties plaintiffs. The plaintiffs dismissed as to the First National Bank of San Saba.

Judgment was rendered against J. G. Gay in favor of plaintiffs, and also in favor of the defendants Harry Davenport and others, and in favor of the South Texas Lumber Company and in favor of Berringer, for the respective amounts claimed by them in their answers. Judgment was also rendered, establishing the priority of liens by reason of said mortgages, as follows:

(1) In favor of the Berringer chattel mortgage as to the property described therein, which property is not included in the chattel mortgage executed to Tips, nor in the chattel mortgage executed to Davenport and others.

(2) In favor of Davenport and others as to the property described in the mortgage set out in their answer.

(3) In favor of the South Texas Lumber Company upon the gin machinery and outfit, as described in the deed of trust given to secure it, as above stated, but that foreclosure of said deed of trust be denied as to the land described in same, for the reason that said land was the homestead of Gay and wife at the time of the execution of the same.

(4) "That the chattel mortgage set out and described by the plaintiffs constituted no lien upon the property therein described, because the same did not properly identify and describe said property, but that the deed of trust set out and described in the plaintiffs' pleadings constitutes a first lien upon the real estate therein described, and said deed of trust operated as a chattel mortgage on the gin machinery and outfit described, but was subject to the mortgages of both of the defendants above referred to."

Appellants have duly perfected an appeal from said judgment and here seek a revision of the same.

## Opinion.

[1] 1. Upon the trial of this cause, the court refused to admit and consider the chattel mortgage, executed by Gay to Tips, set out in the findings of fact, supra, or the verbal testimony in regard thereto, "because it described no property in San Saba county, Texas." In this we think there was error. The description, "one 3 70-saw secondhand gin outfit complete, including engine and boiler," was a sufficient description to differentiate said property from property of a different kind, but not sufficient to distinguish it from property of the same kind.

That is to say, the description showed that the property mortgaged was a complete secondhand gin and outfit of the kind described. But there might have been, and probably were, many secondhand gin outfits of the kind described in the mortgage. Which one of such numerous outfits did Gay mortgage to Tips? The mortgage answers the question. The one that Gay purchased from Tips, and in part payment of which he executed the notes sued on. It was permissible to point out the particular gin outfit thus indicated in the mortgage by oral testimony. This was done by the defendant Gay's testimony, who said that it was the same as that mortgaged to Davenport and others, and the same that was put up and operated in the ginhouse in Hall Valley, San Saba county, on the land described in the mortgage executed to the Lumber Company and in the second mortgage given to Tips.

[2] 2. The mortgage executed to Tips should be given priority over the mortgage to Davenport and others, for the reason that Gay did not own the property when he executed the mortgage to Davenport and others. While a subsequently acquired title by Gay would render said mortgage good as against him by way of estoppel, it would not be good as against Tips, who himself owned said property when said mortgage was executed by Gay, and who at the very time of parting with title to the same, and as a part of the same transaction, took a mortgage on said property to secure the payment of the purchase money thereof.

[3] 3. A chattel mortgage is effectual, as between the parties thereto, without being recorded. Keller v. Smalley, 63 Tex. 519; College v. Armstrong, 50 S. W. 613. Hence the mortgage executed by Gay to Tips should be enforced, as against Davenport and others, without reference to reason stated in the next preceding paragraph of this opinion, unless Davenport and others acquired a prior lien on said property by reason of the priority of their mortgage.

[4] 4. Under the facts hereinbefore set out, Tips, in reference to his mortgage, occupied the same position as an innocent purchaser for value, and secured a lien on said property superior to the lien given in the prior unrecorded mortgage of Davenport and others. It is immaterial that the Davenport mortgage was recorded prior to the Tips' mortgage. Tips' rights were fixed at the time he took said mortgage; and they would not be destroyed by the subsequent record of the Davenport mortgage. Tips' mortgage was good if it had never been recorded, except as to subsequent purchaser of mortgage for value and without notice.

[5, 6] 5. As to the mortgage of the South Texas Lumber Company, it was void as a real estate mortgage, for the reason that at the time said mortgage was executed the land was a part of the homestead of Gay and wife. It was not good as a chattel mortgage as to any of the machinery in the ginhouse that was covered by the Tips mortgage, for the reason that it, by its express terms, did not include any of the "machinery, fixtures, tools and implements and appurtenances" *that had been previously incumbered.* The evidence indicates that the machinery sold by Tips, subsequent to his first mortgage, was placed in said ginhouse, and, if so, the Lumber Company's mortgage would cover said machinery as a chattel mortgage, unless it had become a part of the real estate at the time said mortgage was · given. The evidence is silent as to this.

[7] However, the Lumber Company's mortgage, though recorded in the real estate mortgage record of San Saba county, was not filed with the clerk of said county as a chattel mortgage, for which reason it would be void as to the subsequent mortgage given to Tips, provided Tips had no actual notice of said Lumber Company's mortgage. Upon this point, the evidence is also silent. Brothers v. Mundell, 60 Tex. 243; Freiberg v. Magale, 70 Tex. 118, 7 S. W. 686; Cook v. Halsell, 65 Tex. 6.

The judgment of the trial court, in so far as it awarded a moneyed judgment in favor of the respective parties against Gay, and in so far as it establishes a prior lien in favor of Berringer on the property described in his mortgage, and in so far as it found that the Lumber Company's mortgage could not be foreclosed on the real estate described in said judgment, was correct; but said judgment, as to the priority of liens, was erroneous as herein indicated. Said judgment is reversed · and remanded, to be retried in accordance with the law governing this case as herein indicated.

Reversed and remanded.