## GLENN v. GREEN.  (No. 7282.)

(Court of Civil Appeals of Texas.  San Antonio.  Jan. 28, 1925.)

1. **Appeal and error ⟐880(2)—Claimant of portion of mortgaged property could not object to parol evidence as to omission from mortgage of other property.**

Claimant of interest in certain property on foreclosure of chattel mortgage could not object to parol proof as to omission from mortgage of other property by mistake, such matter concerning mortgagor alone.

2. **Chattel mortgages ⟐150(1)—Claimant of mortgaged property held not an innocent purchaser.**

One claiming property on foreclosure as purchaser from mortgagor at time shown to have been two days before mortgagor acquired title and gave mortgage which was immediately registered, is in position of either buying property before mortgagor bought it or buying it after mortgage was registered, when he was charged with notice, and hence was not an innocent purchaser.

3. **Chattel mortgages ⟐49(1)—Description of horse and mule held sufficient to put purchaser on inquiry.**

Where mortgage described property as a "black horse about 15 hands high, no brand, about 8 years old," and a mule with a described brand, description was sufficient to put purchaser from mortgagor on inquiry; mortgagor having no other animals.

Appeal from Bexar County Court for Civil Cases; McCollum Burnett, Judge.

Suit by Susan Green against S. J. Glenn and another.  Judgment for plaintiff, and named defendant appeals.  Affirmed.

Ben H. Kelly, of San Antonio, for appellant.

Terrell, Davis, Huff & McMillan, of San Antonio, for appellee.

FLY, C. J.  This is a suit instituted by appellee against Alfred Jackson and S. J. Glenn, on a promissory note signed by Alfred Jackson.  Glenn was made a party on the ground that he claimed an interest in or lien against property consisting of one black horse, one dark gray colored mule, and "one four-wheel Mitchell wagon and one set of harness."  Appellee sought a foreclosure of a lien on the property described.  The suit originated in the justice's court, where appellee recovered judgment, and on appeal to the county court judgment was rendered that appellee recover judgment for her debt and foreclosure of lien and for appellant as against Alfred Jackson.  Glenn appealed from the judgment in favor of appellee.  Appellant claimed to be an innocent purchaser of the property from Jackson.

[1, 2] Parol proof was introduced to show that a wagon and harness was omitted from the mortgage given by Alfred Jackson, by mistake, and that it was intended for them to be placed in the mortgage with the black horse, and "dark grue colored mule."  Appellant laid no claim to the wagon and harness and, of course, had no right to object to parol proof as to the wagon and harness.  That was a matter that concerned Alfred Jackson alone and he has not appealed.  Appellant claimed to have bought the horse and mule or "team" as he described them, on May 10, 1923.  At that time Alfred Jackson had not bought the mule and horse from appellee, and he had no right or authority to sell them.  At that time the evidence showed that the animals were the property of appellee and she did not sell them to Jackson until May 12, 1923, and the mortgage was taken on them and filed on the same date.  Appellant is in the position of either buying the animals before Jackson bought them, or buying them after the mortgage was registered, when he was charged with notice and could not have been an innocent purchaser.

[3] We think the description of the property in the mortgage was sufficient to put appellant upon inquiry.  The horse is described as a "black horse about 15 hands high, no brand, about 8 years old," and appellant bought a black horse in company with a mule with the same brand that the mule had that was described in the mortgage.  The animals were shown to have been the identical ones sold to Jackson, and it does not appear that Jackson had any other animals.  Appellant must have known that the animals belonged to appellee, and yet he bought them before Jackson had bought them from appellee.  It would seem that Jackson sold property belonging to another with intent to appropriate it, and afterwards bought to cover the theft.  Jackson evidently procured possession of the animals with the intent to appropriate them to his own use and benefit, and he did it if appellant bought them as he swore he did.

The judgment is affirmed.

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes