**HANDLEY v. McDONALD & ELY GIN CO.**
**et al.  (No. 371.)**

Court of Civil Appeals of Texas.  Eastland.
Dec. 2, 1927.

Rogers & Starnes, of Lamesa, for appellant.
Brown & Rountree and Garland & Yonge,
all of Lamesa, for appellees.

LESLIE, J.  J. J. Handley, appellant and
plaintiff below, sued G. H. McDonald, J. W.
McDonald, W. P. Ely, and Will Stit, compos-
ing a copartnership styled McDonald & Ely
Gin Company, in Dawson county, Tex., for
conversion of certain cotton purchased by
them from Clarence Palmer and upon which
plaintiff alleged that he had a valid chattel
mortgage duly registered at the time of such
purchase and conversion.

A. C. Woodward, Palmer's landlord, inter-
vened, setting up a landlord's lien on the cot-
ton for supplies furnished Palmer to enable
him to cultivate and harvest the crop, and
sought judgment for conversion.

The defendants answered by a general de-
murrer, special demurrer, general denial, and
specially pleaded that if they bought the al-
leged cotton it was purchased without actual
or constructive notice of the lien asserted
by the plaintiff.  The defendants urged a gen-
eral demurrer to intervener's petition and en-
tered general denial.

■■ Upon the trial the court sustained the
defendants' general demurrer to intervener's
petition and their special exception to plain-
tiff's petition.  The intervener has not ap-
pealed, and as to him the judgment is un-
disturbed.  By the special exception it was
contended that the cotton referred to in the
mortgage alleged was insufficiently described
to put a third person, or these defendants,
on notice that a lien was being asserted
against the same by plaintiff.  This exception
was sustained, and the action of the court
in that respect forms the basis of three as-
signments of error.  The defendants' excep-
tion is designated "special" exception, but it
is, in fact, a general exception, challenging
the validity of the mortgage upon the ground
that the description of the property attempt-
ed to be mortgaged is indefinite and insuffi-
cient to an extent rendering the mortgage
void.  The mortgages were dated respective-
ly February 23 and July 8, 1926, and were
executed by said Palmer to secure his indebt-
edness to the plaintiff.  Among other items
of personal property mortgaged to plaintiff
was Palmer's cotton crop, described as fol-
lows:

. "All the cotton raised by Clarence Palmer on
50 acres of land on the east side of said Pal-
mer's horse pasture on the southeast quarter of
the section farmed and cultivated by the said
Clarence Palmer.  Said land being in Dawson
county, Texas, and on 10 acres of cotton on the
east side of said 50 acres," similarly situated.

If the pleadings pertaining to the cotton
described is, in substance or in fact, as de-
scribed in the mortgage, then the description
alleged was sufficient to charge the defend-

ants with notice (1) that Clarence Palmer, the mortgagor, was a farmer residing in Dawson county; (2) that J. J. Handley, the mortgagee, resided there; (3) that Palmer had and was making a cotton crop in that county that year; (4) that such crop was covered by a mortgage. These facts were sufficient to put the defendants upon inquiry concerning the cotton, and had they pursued such inquiry with ordinary diligence they would have obtained full information that the cotton was covered by plaintiff's mortgage. In fact, the circumstances noted suggested to defendants an inquiry of Palmer himself concerning the existence of any possible lien on the cotton. Therefore we conclude that the court was in error in sustaining the defendants' exception and in dismissing the cause of action upon the refusal of the plaintiff to amend, since any description which will enable third persons to identify property, aided by inquiries which the mortgage itself indicates or directs, is sufficient. Harless v. Jester et al. (Tex. Civ. App.) 97 S. W. 138; Rus v. Bank (Tex. Civ. App.) 228 S. W. 985; Houston National Exchange Bank v. Osceola Irrigation Co. (Tex. Civ. App.) 261 S. W. 561; Conley v. Dimmit County State Bank (Tex. Civ. App.) 181 S. W. 271; Farmers' & Merchants' National Bank of Kaufman v. Howell (Tex. Civ. App.) 268 S. W. 776; Houssels et al. v. Coe & Hampton (Tex. Civ. App.) 159 S. W. 865; 11 C. J. p. 456, § 78, note 36.

By analogy, what is said in reference to the sufficiency of the description of property in a conveyance of real estate in the following cases, Wilson v. Smith, 50 Tex. 365; Sayles v. City of Abilene (Tex. Civ. App.) 290 S. W. 239; Miller et ux. v. Hodges et al. (Tex. Com. App.) 260 S. W. 168, may be here read with profit as bearing upon the sufficiency of the description assailed in this action.

[3] From this record it appears that the mortgages were attached to the petition without allegations or reference incorporating them as a part thereof. As thus attached, apparently the court and litigants considered them parts of the petition. Inasmuch as the court, as shown by the judgment, had the mortgages before it in ruling on the demurrer, and inasmuch as the judgment in effect shows that he held the description in each to be void, we believe it not improper to state that we do not so regard the description contained in each mortgage pertaining to the cotton crop. In the first mortgage the description is: "50 acres of cotton east side of horse pasture, southeast quarter of section. * * *" And in the second mortgage: "10 acres of cotton east of 50 acres already mortgaged to J. J. Handley."

As stated, the mortgages gave the name of the mortgagor, that of the mortgagee, and located the crop in Dawson county, Tex., stating that the mortgagor was the owner thereof. These descriptions are not so indefinite as to be void on their face, but the subject-matter of each mortgage may be by proper parol evidence identified as indicated by the authorities above cited.

While the description alleged in the petition is slightly more specific in its identification of the cotton, yet those descriptions contained in the mortgages carry substantially as many suggestions to third parties and are calculated to excite such inquiry as would place purchasers on notice of the existence of the mortgage. This would be sufficient description as between the parties and for third parties. The maxim, "That is certain which is capable of being made certain," seems to have frequent, if not special, application in this character of case. This may be seen from the above authorities, as well as Childress et al. v. First State Bank of Barnhart (Tex. Civ. App.) 264 S. W. 351, and numerous authorities there cited.

In consideration of the pleadings before us, under the law every intendment and inference in favor of their sufficiency as against the demurrer must be indulged by this court. However, the pleadings are inartistically drawn and should upon another trial be recast and the essential elements of the cause of action made to stand out in a more logical and coherent form, thereby rendering it unnecessary to select and pick out such elements from separate and disconnected portions of the pleadings.

By reason of the erroneous action of the court in sustaining the demurrer discussed, the judgment of the trial court is reversed and the cause remanded.