## H. O. WOOTEN GROCER CO. v. WADE MEAT CO.

### No. 813.

Court of Civil Appeals of Texas. Eastland.
Feb. 20, 1931.

Rehearing Denied April 10, 1931.

one Hussman upright walkin meat refrigerator." The mortgage shows that A. J. Belle was a resident of Nolan county, and the name "Belle Groc." preceding his signature suggests that he may have been engaged in the grocery business. It contained a warranty of title to the property and a provision that, in event of default in the payment of the note secured, the mortgagee was authorized to sell the property "at Roscoe, Texas, in said county and state." Previously, on February 18, 1927, Belle had given a mortgage to said H. O. Wooten Grocer Company covering certain personal property therein named and reciting as follows: "This instrument is intended to cover any and all fixtures and delivery equipment used in my grocery business in Roscoe, Nolan County, Texas, if not mentioned. Also, all additions and exchanges during the life of this instrument." On February 15, 1928, at the expiration of a written lease contract, Belle had become a tenant of H. O. Wooten Grocer Company, from month to month, at a rental of $65 per month, and remained such tenant, carrying on his grocery and meat business in the rented premises until February 26, 1930, at which time he made an assignment to J. P. Wooten for the benefit of his creditors. In taking the assignment (which was informal and never recorded), J. P. Wooten was acting for H. O. Wooten Grocer Company, and shortly thereafter, on or about March 1, 1930, transferred all the property, including that claimed to be covered by plaintiff's mortgage, to said H. O. Wooten Grocer Company. The transfer was made subject to any existing liens and with information given at the time to defendant that plaintiff was claiming its mortgage lien upon the specific property in question. The rent due up to January 10, 1930, having been previously charged upon open account, was included, with other indebtedness, in certain notes upon which the defendant recovered judgment in the district court of Taylor county on May 16, 1930. That judgment also decreed that the entire indebtedness was secured by a chattel mortgage lien covering certain described property, and further, with reference to the property in question, recited as follows: "And it further appearing to the court that, since the execution of said mortgage (that is, the mortgage dated February 18th, 1927, above mentioned), defendant A. J. Belle has placed in said grocery business at Roscoe, Nolan County, Texas, additional fixtures, to-wit: One Display counter made by Pioneer Planing Mill Co; one Hussman Upright Walkin Meat Refrigerator; and that the foregoing chattel mortgage is a valid and subsisting lien upon said additional fixtures above described so placed in said business," etc. The judgment, while decreeing a foreclosure of the mortgage lien, took notice of the previous transfer of the same

Davidson, Doss & McMahon, of Abilene, for appellant.

Hamner & Ponder, of Sweetwater, for appellee.

FUNDERBURK, J.

Wade Meat Company sued A. J. Belle and H. O. Wooten Grocer Company to recover of Belle upon a promissory note for $400, and against both defendants to foreclose a chattel mortgage lien. J. P. Wooten, at first named a defendant, was subsequently dismissed from the suit. The alleged mortgage, which was dated August 8, 1929, and duly filed, described the property which it purported to cover as follows: "Which display counter, twelve feet long, made by the Pioneer Planing Mill, Sweetwater, Texas, for

property from J. P. Wooten, assignee, to the defendant, and confirmed the vesting of title in the latter, by reason whereof it was directed that there be no sale under the decree of foreclosure. The Wade Meat Company, although first named a defendant in that suit, was dismissed prior to judgment. The trial court in the present case found that in said Taylor county suit the defendant, by amended pleading, for the first time on March 20, 1930, asserted a landlord's lien against said A. J. Belle. There is, however, no mention of the same in the judgment.

The defendant sought to defend against plaintiff's claim to a foreclosure of its alleged mortgage on the ground that the mortgage was void because of insufficient description of the property, and that its said chattel mortgage lien and landlord's lien were superior to the lien claimed by plaintiff. The judgment was for plaintiff for its debt, as to which no question is presented, and also for a foreclosure of the mortgage as to which H. O. Wooten Grocer Company has prosecuted this appeal.

■■ The main question presented for our decision is whether or not the description of the property in the mortgage sought to be foreclosed was sufficient as to the appellant. There can be no real question of its sufficiency in so far as appellant was under the necessity of relying upon its title derived through the transfer to it by the assignee, J. P. Wooten. It took expressly subject to any pre-existing liens, and, besides, was at the time given notice that appellee claimed a lien upon the two articles of personal property in question. Appellant was therefore in no different relation to the question than were the original parties to the mortgage. "As between the parties, a specific and particular description is not necessary, and the mortgaged articles may be shown by parol evidence." 5 R. C. L. 429; Ranck v. Howard-Sansom Co., 3 Tex. Civ. App. 507, 22 S. W. 773; Boykin v. Rosenfield & Co., 69 Tex. 115, 9 S. W. 318; Oxsheer v. Watt, 91 Tex. 124, 41 S. W. 466, 66 Am. St. Rep. 863.

■ We are also of opinion that, if we regard appellant as not having waived its claim of a mortgage or landlord's lien, and as having no notice as to the identity of the property intended to be covered by appellee's mortgage, other than such as the mortgage itself contains and suggests, the description was not insufficient. The test of sufficiency, where a description is not sufficient in itself, is whether it suggests, "inquiries or means of identification, which, if pursued, will disclose the property conveyed." 11 C. J. 458; Handley v. McDonald & Ely Gin Co. (Tex. Civ. App.) 9 S.W.(2d) 372. The description in question in the first place carries, in itself, notice of mistake or error. Otherwise it would be meaningless. The whole instru-

ment, however, compels the presumption that it was intended to describe certain items of personal property. Giving effect to that presumption, it is readily seen that the word "which," preceding the words "display counter, twelve feet long, made by the Pioneer Planing Mill, Sweetwater, Texas," is error (most probably typographical), and was meant to be "one" or "a." Likewise, the word "for," preceding "one Hussman upright walkin meat refrigerator," means "and" or "also." Clearly, then, the description of the first item was sufficient. It has often been held that a particular article not otherwise sufficiently described is adequately identifiable by a statement that it was bought from a named party. Conley v. Dimmit County State Bank (Tex. Civ. App.) 181 S. W. 271; Tips v. Gay (Tex. Civ. App.) 146 S. W. 306. The sufficiency of the description of both items is materially aided by the presumption that they were, at the time the mortgage was given, owned by Belle. "The description may be aided by the presumption that the mortgagor is the owner of the property." 11 C. J. 466. Although this authority notes a conflict in decisions, it is said in 5 R. C. L. 426, "A better view would seem to be that, even though there are no recitals in a mortgage as to ownership, in aid of the description it should be presumed that the mortgagor is the owner of the property he assumes to mortgage." Such presumption may render a description sufficient that otherwise might require a statement of the situs of the property. As further noted in R. C. L., "a description of property actually on the premises of the mortgagor may be sufficient, though the location is not stated." 5 R. C. L. 424. What inquiries then did the mortgage in question suggest to prospective purchasers and lienors? They were notified that Belle resided in Nolan county, and that perforce of the presumption aforesaid, he was the owner of the two items of property in question. One of the articles was identifiable by the fact that it had been made by the Pioneer Planing Mill of Sweetwater. The mortgage carried notice that Belle was probably engaged in the grocery business. There was such description of both items of property as to suggest that they would probably be found in his place of business. As to the refrigerator, its very name indicated that it might be found in a grocery store or meat market. The presumption of Belle's ownership of it suggested an inquiry at his place of business. Such inquiries rightly pursued would have disclosed the fact that Belle did have such counter and refrigerator in his store and only one of each. It would therefore appear that the mortgage fully met the requisite test. All the facts as to which the mortgage itself indicated inquiries were proper to be shown by parol evidence. For decisions of our own courts which, upon the whole, sustain these conclusions, see the following: Handley v. McDonald & Ely Gin Co. (Tex. Civ.

App.) 9 S.W.(2d) 372; Ft. Worth Nat. Bank v. Red River Nat. Bank, 84 Tex. 369, 19 S. W. 517; Glenn v. Green (Tex. Civ. App.) 268 S. W. 1056; Matthews v. Melasky (Tex. Civ. App.) 240 S. W. 641; Pitluk et al. v. Butler (Tex. Civ. App.) 156 S. W. 1136; Greer, Mills & Co. v. Crenshaw (Tex. Civ. App.) 76 S. W. 589; Conley v. Dimmit County State Bank (Tex. Civ. App.) 181 S. W. 271; Tips v. Gay (Tex. Civ. App.) 146 S. W. 306; Harless v. Jester (Tex. Civ. App.) 97 S. W. 138; Ames Iron Works v. Chinn, 15 Tex. Civ. App. 88, 38 S. W. 247.

■ If it be assumed that appellant, by the proceeding shown in the foregoing statement, had not waived its landlord's lien— as to which we find it unnecessary to express an opinion—it seems clear enough that it had no such lien with priority over appellee's mortgage. By provision of R. S. 1925, art. 5238, there was no lien to cover rents due for more than six months prior to February 26, 1930, the date Belle ceased business and made an assignment of all his property. When appellee's mortgage was given and filed on August 8, 1929, there were no rents to become due under the rental contract between appellant and Belle except for the current month, which, so far as the record or evidence discloses, expired August 15, 1929. More than six months having passed after the last rental, which on August 8, 1929, was yet to become due, had in fact become due, it is readily seen that the lien had ceased to operate as to any rents due prior to the execution of the mortgage, or that thereafter were to become due under the terms of the rental contract. H. R. E., B. & B. Ass'n v. Cochran, 60 Tex. 620; Marsalis v. Pitman, 68 Tex. 624, 5 S. W. 404.

It remains to consider whether appellant had a mortgage lien with priority over appellee's mortgage. The record conclusively shows that, on or about February 18, 1927, when appellant's mortgage was executed, it did not cover the property in question. The property in question was acquired by Belle about the time he executed the mortgage to appellee, which was August 8, 1929. Appellant claims that its mortgage covered the property because same were "additions" made to the fixtures under the terms of its mortgage.

■ There are two or more good reasons, it seems to us, why this contention cannot be sustained. The record does not show, in the first place, that if the property in question ever became "additions" to the stock of fixtures covered by the mortgage within the intent of the parties, that it became such prior to the execution of appellee's mortgage. If, subsequently to or simultaneously with the execution of appellee's mortgage, the property was added to the stock of fixtures, appellee's mortgage would have priority. "Where a mortgage is given to cover after-acquired property it covers such property only in the condition in which it comes into the hands of the mortgagor. If that property is already subject to mortgages or other liens at that time the general mortgage does not displace them, though they may be junior to it in point of time." 5 R. C. L. § 27, p. 404; Hamilton Nat. Bank v. Harris (Tex. Civ. App.) 260 S. W. 318; Tips v. Gay, supra. The mere acquisition of the property by Belle did not subject it to appellant's mortgage. If it ever became subject to that mortgage, it was the fact of its addition to the stock of fixtures and not the fact of its acquisition and ownership. The burden to show that the property became subject to the mortgage was upon appellant, and that burden included the burden of showing that the addition was made before the inception of appellee's lien. Plainly that was not shown.

■ Another good reason why the contention cannot be sustained has its basis in the finding of the trial court that the property in question was acquired in the meat business, which was not in the contemplation of the parties at the time the contract was made. The principle is applicable which was declared by the Supreme Court in Richardson v. Washington, 88 Tex. 339, 31 S. W. 614, 617, wherein it was said: "A court of equity will not make a contract or create a lien for the parties, and therefore will not foreclose a lien upon property not in esse or not owned by the grantor at the date of the contract, unless it is clear that at such date the parties thereto anticipated the acquisition by the grantor of the very property upon which the lien is sought to be fixed and foreclosed, and intended that it should be subject thereto." (Italics ours.) If, as found by the court, there was no purpose or intent that Belle should afterward engage in the meat business as something additional to the grocery business, there was wanting the necessary intent that the particular property should be subject to the lien. In other words, the items of property in question never became additions to the stock of fixtures covered by appellant's mortgage, which had exclusive reference to the grocery business.

All other questions presented by the appellant are either controlled by the foregoing or rendered immaterial, and therefore need not be discussed. Being of opinion that there was no error in the judgment of the trial court and that the same should be affirmed, it is accordingly so ordered.

### On Rehearing.

In its motion for rehearing appellant points out an erroneous finding of fact made by us which constitutes the basis of one of the reasons upon which we affirmed the judgment below. We got the impression from the record

that the property involved in appellee's mortgage was acquired about the same time the mortgage was executed. This was error. The evidence shows that it was acquired something like six months after the execution of appellant's mortgage which was quite a while prior to the execution of appellee's mortgage. With the correction of this mistake, one of the reasons for affirming the judgment fails, but we stated that there were two or more reasons and two were given. The other reason, namely, that the evidence raised a jury question as to whether the property was acquired in the meat business as distinguished from the grocery business, is unaffected, and we are still of the opinion that that reason alone affords sufficient basis for our holding.

In its motion appellant concedes the correctness of our construction of the description in the mortgage wherein we held that the word "which" was intended to be. "one" or "a." It is insisted, however, that with such change the description of the mortgaged property is not ambiguous and shows that the display counter only, and not the Hussman refrigerator, was mortgaged to appellee.

We are unable to see any valid answer to this argument, if it be true that Hussman Walk-in Meat refrigerators usually have display counters used in connection therewith. In such case, to say that such a counter was made for one such refrigerator would be common parlance. For instance, the description of a trailer as one made by a named person for a Buick roadster would involve no uncertainty as to the meaning of the language. We find ourselves perhaps unable to say, as a matter of judicial knowledge, and certainly unable to say from information to be gleaned from the record, that display counters are not usually used in connection with such refrigerators as certainly so as trailers are used in connection with trucks and automobiles.

We have therefore concluded that appellee's mortgage is properly to be interpreted as covering only the display counter and not the refrigerator. Both the counter and refrigerator being in the possession of the defendant below, the burden, of course, was upon the plaintiff to show the existence of a valid mortgage against both articles.

We are now of opinion that the foreclosure should have been ordered only as to the display counter, and its separate value being given, the judgment should be reformed accordingly.

It is therefore our opinion that the motion for rehearing should be granted, our former judgment set aside, the judgment of the trial court reformed so as to provide a foreclosure only upon the display counter, and in the event that the said H. O. Wooten Grocer Company shall fail so to deliver said property

then that Wade Meat Company have judgment against the said H. O. Wooten Grocer Company for the sum of $300 as the agreed value of said display counter, and that as reformed the judgment below be affirmed, and it is accordingly so ordered.