JOHN WOESSNER v. R. P. FLY.

(Case No. 1901.)

1. SEQUESTRATION.— The object of the statute, in requiring a writ of sequestration to describe the property to be sequestered as it is described in the petition, is to prevent the officer from trespassing on property of the defendant.
2. SAME — VARIANCE.— When in the petition for sequestration the property was described as "sixteen hundred and forty-six head of sheep, known as the Du Bose sheep," and the writ which issued thereon required the seizure of the Du Bose flock of sheep, computed to number twenty-four hundred head, it was held that the variance was fatal.
3. JURISDICTION — ACTION — SEQUESTRATION.— When in such a case the writ of sequestration is quashed, and the action was upon a promissory note that had not matured, though default had been made in the payment of interest required by its terms to be paid before maturity of the note, it was proper to dismiss the case for want of jurisdiction.

APPEAL from Nueces.   Tried below before the Hon. John C. Russell.

*Pat O'Docharty*, for appellant, on the sufficiency of the description, as contained in the writ, cited: R. S., 4494; Porter *v.* Miller, 7 Tex., 468; May *v.* Ferrill, 22 Tex., 340; Whittenberg *v.* Lloyd, 49 Tex., 633.

No briefs on file for appellee.

WILLIE, CHIEF JUSTICE.— The exhibits made part of the petition described a portion of the property to be sequestered as two thousand four hundred head of sheep, at the ranch of the defendant Fly, and known as the original R. P. Fly flock of sheep, and the other portion as one thousand six hundred and forty-six head of sheep at the ranch of defendant, being the flock purchased from F. H. Du Bose, and known as the F. H. Du Bose sheep.

The writ of sequestration described the property to be levied upon as the original R. P. Fly stock of sheep, computed to number one thousand six hundred and forty-six head, and the F. H. Du Bose flock, computed to number two thousand four hundred head.

The court quashed the writ because the description of the property to be seized was different in the writ from what it was in the petition.   Our Revised Statutes prescribe that the writ shall describe the property as it is described in the petition.   The object of this provision is to have the identical property seized, and to prevent the officer from trespassing upon other property of the defendant.   One of the principal tests of a variance, and the one applicable to this case, is: Would the sheriff under the writ be authorized to seize any property of the defendant other than that described in the petition? One of the flocks of sheep is described as one thousand six hundred and forty-six head, known as the Du Bose sheep.   The writ commands the sheriff to seize two thousand four hundred head of sheep of this description.   It therefore authorizes the officer to take into custody over seven hundred head of sheep not mentioned in the petition, and in that respect it varied materially from the affidavit of the plaintiff setting forth the articles subject to the sequestration.

Suppose the suit had been to foreclose the lien upon the one thousand six hundred and forty-six sheep of the Du Bose stock only, and the writ had directed the seizure of two thousand four hundred sheep of that stock, the variance would have been very apparent. Yet it is precisely the same as that which appears in the record, each authorizing the sequestration of property not mentioned in the

affidavit. The court, therefore, did not err in quashing the writ of sequestration.

The principal of the note sued on was not, by the terms of the note, made payable till some time after the date of the commencement of the suit. The interest accruing upon the note fell due semi-annually only; two instalments, amounting together to $491.20, were overdue when the suit was brought. It is contended by appellant's counsel, however, that upon failure to pay the interest as it fell due, the whole debt matured, and hence the suit was not prematurely brought. We know of no authority for this proposition, and we are cited to none sustaining it. As there was no express agreement between the parties that the failure to pay accruing interest should cause the notes to mature, they would not fall due until the date of maturity mentioned in the note itself.

As the interest due upon the note was not sufficient to give the court jurisdiction, and as the only ground upon which the suit could be maintained before the note matured was the suing out of the writ of sequestration, and that had been quashed, there was no error in dismissing the suit, and the judgment is affirmed.

AFFIRMED.

[Opinion delivered February 6, 1885.]