**WERNER et al. v. EUBANKS.** (No. 3031.)

Court of Civil Appeals of Texas. Amarillo. May 23, 1928.

**1. Appeal and error ⟶745—Assignment of error in brief, but not in transcript, does not require consideration on appeal as presented.**

Assignment of error in brief, but not in transcript, challenging as error action of court in overruling motion to quash writ of sequestration, does not require consideration on appeal as presented.

**2. Sequestration ⟶13—Writ of sequestration giving factory name, year of model, license, number and party in possession of automobile held sufficient as to description.**

Writ of sequestration of automobile giving factory name, year of model, license number, and party who had possession *held* to contain sufficient description to identify and distinguish automobile from other cars.

**3. Sequestration ⟶13—Discrepancy in engine number of automobile otherwise sufficiently described in writ of sequestration held not to authorize quashing of writ.**

Where writ of sequestration was sufficient to describe and identify automobile and no contention was raised that automobile in controversy was not car purchased by plaintiff, sequestered by him, and taken by claimant, discrepancy in engine number would not authorize quashing of writ, but, if error, was not injurious to claimant.

**4. Evidence ⟶353(2)—Bill of sale of automobile received by plaintiff held properly admitted in sequestration proceedings.**

In proceedings to sequester automobile claimed by defendant, bill of sale received by defendant from his seller was properly admitted in evidence.

Appeal from District Court, Lubbock County; Homer L. Pharr, Judge.

Suit by G. M. Eubanks against J. E. Odiorne, in which E. A. Werner filed a claim. Judgment for plaintiff, and claimant and others appeal. Affirmed.

Orager & Dickey, of Ballinger, for appellants.

Vickers & Campbell, of Lubbock, for appellee.

JACKSON, J. G. M. Eubanks, as plaintiff, instituted suit in the county court of Lubbock county, Tex., on January 14, 1927, against J. E. Odiorne, defendant, to recover an automobile described as one 1925 model Oldsmobile, license No. 794351, engine No. 3886243, or its value.

On January 22, 1927, an amended petition was filed, in which J. E. Odiorne and Ralph Odiorne are made defendants, and the automobile described as in the original petition, except the engine number is given as C–3019.

Plaintiff alleges that about November 1, 1926, he purchased from J. C. Bryant, the agent of the defendants, the automobile, paid a valuable consideration therefor, and it was delivered to him in Lubbock county, Tex.; that J. C. Bryant gave him a bill of sale for the car, but by mistake or fraud gave the engine number as 3886243, instead of C–3019; that J. C. Bryant prepared or caused to be prepared the bill of sale and the motor number was not visible and plaintiff relied on the statement and representations of Bryant that such was the number; that he had purchased and paid for the car and had possession of it at the time the bill of sale was delivered.

The plaintiff sufficiently alleges the ownership of the defendants, the authority of J. C. Bryant as their agent to sell the car, and, of even date with the original petition, procured the issuance of a writ of sequestration in which the car was described as in his original petition. He alleges that on December 5th the defendants fraudulently represented to him that the car had been stolen by J. C. Bryant; that he was not their agent and had no authority to sell the car; that such representations were made to him by defendants in the presence of the sheriff of Lubbock county, Tex., and, believing them to be true and made in good faith, he delivered the car to the defendants; that in truth and in fact such representations were not true, but were made to deceive and defraud the plaintiff and secure possession of the car.

On April 4, 1927, the plaintiff obtained judgment by default against the defendants for the automobile. On the same day that judgment was rendered in said cause against the defendants for the automobile, E. A. Werner filed an affidavit and claimant's bond with the sheriff of Lubbock county, Tex., which was approved, the value of the car estimated at $630, the car delivered to E. A. Werner, and the case transferred to the district court to try the issue of the right of property.

On December 2d, by order of the court, issues were made up between E. A. Werner, who is the appellant here, and G. M. Eubanks, the appellee, and on a trial of the issue of the right of property before the court, without the intervention of a jury, judgment was rendered for the appellee against the appel-

lant and his sureties on his claimant's bond, for the sum of $630, with interest, etc., from which judgment this appeal is prosecuted.

The appellant failed to file a motion for a new trial in the court below and failed to file any assignments of error in said court, but we find in the record what is designated defendants' exceptions to findings of fact and conclusions of law, to the effect that the findings of fact are contrary to the evidence, in that it is shown that the appellee purchased and acquired title to one 1925 Oldsmobile touring car, bearing engine No. 3886243, and that the car was so described in the writ of sequestration, and that the finding that appellee purchased the automobile with engine No. C–3019 from Bryant is based upon a mere opinion and assumption in the testimony of appellee; that all of the findings of fact and conclusions of law are based upon a false hypothesis, as shown by the statement of facts, because the entire record discloses that plaintiff had title and possession to a certain automobile, engine No. 3886243, and the automobile in controversy bore engine No. C–3019.

The court, in his findings of fact filed, finds in effect that appellee, about November 1, 1926, purchased one certain Oldsmobile touring car, 1925 model, engine No. C–3019, state license No. 794351, from J. C. Bryant in Lubbock county, Tex., and paid a valuable consideration therefor; that the said Bryant was in possession of, claiming title and ownership to, said automobile, and the appellee purchased it in good faith; that the bill of sale correctly described the automobile in all respects except as to the engine number, of which discrepancy appellee did not know, but relied upon the representations made relative thereto by J. C. Bryant, and that the car is the identical automobile in controversy in this suit; that about December 5, 1926, J. E. Odiorne obtained possession of the automobile from appellee by false and fraudulent representations, as alleged by appellee, and thereafter the appellee filed his suit in the county court of Lubbock county, Tex., and recovered judgment against J. E. and Ralph Odiorne for title and possession of the car, which had theretofore been sequestrated by appellee and possession thereof taken by the sheriff of Lubbock county, Tex., and that possession was held by the sheriff until the appellant filed his claimant's oath and bond with the sheriff, who delivered to him the identical car purchased by appellee and the identical car obtained from appellee by J. E. Odiorne, under false and fraudulent representations, and the identical car involved in this controversy; that J. E. Odiorne, after the possession of the car was taken by the sheriff under the writ of sequestration, caused the appellant to file his claimant's bond and oath claiming title to the car; that the automobile was never in the possession of the appellant prior to its delivery to him by the sheriff on his claim-

ant's bond and affidavit, but was in the possession of Odiorne, from whom J. C. Bryant received the automobile; that J. E. Odiorne and the appellant were copartners, operating under the firm name of Ballinger Oldsmobile Company, at Ballinger, Tex., selling Oldsmobile cars; that, since possession of the car was obtained by appellant under his affidavit and claimant's bond, he has permitted other parties to use the car and does not know in whose custody and possession the car is, for which reason it would be impossible for him to return it to appellee. These findings, we think, find ample support in the testimony.

[1] The appellant, by an assignment of error in his brief, but not in the transcript, challenges as error the action of the court in overruling his motion to quash the writ of sequestration issued out of the county court, and by virtue of which the sheriff of Lubbock county, Tex., took possession of the car from J. E. Odiorne. His contention is that, inasmuch as the motor number in the writ was given as 3886243 instead of C–3019, the writ should have been quashed.

As presented, this assignment does not require consideration. However, it will be noted that possession of the car was not taken from the appellant by virtue of the writ of sequestration; that he had never had possession until delivered to him by the sheriff on his affidavit and claimant's bond; that the car was described in the writ as one 1925 model Oldsmobile automobile of the value of $300, license No. 794351, engine No. 3886243, in the possession of the defendant J. E. Odiorne; that the return of the sheriff recites that the writ was executed upon an Oldsmobile car pointed out by appellee in the possession of J. E. and Ralph Odiorne, and described as one 1925 model Oldsmobile touring, motor No. C–3019, and claimed by E. A. Werner, who filed a claimant's affidavit, oath, and bond.

[2, 3] There is no contention that the car in controversy is not the car purchased by the appellee, sequestered by him and taken by appellant under his affidavit and claimant's bond. The factory's name was given in the writ, the year of the model, the license number, and the party who had possession. This, we think, was sufficient description to identify and distinguish the automobile from other cars (Boykin et al. v. Rosenfield, 69 Tex. 115, 9 S. W. 318; Orange County Irrigation Co. v. Orange National Bank, 62 Tex. Civ. App. 19, 130 S. W. 869; Hawkins v. First National Bank of Canyon (Tex. Civ. App.) 175 S. W. 163), and the discrepancy in the engine number would not, under this record, authorize the quashing of the writ. But if the assignment was properly presented, and it was error, no injury has resulted to appellant by reason thereof.

[4] Appellant also has an assignment in his brief which is not in the transcript, challenging as error the action of the court in permitting the appellee to offer in evidence the bill

of sale he received from J. C. Bryant for the car. This assignment is overruled.

The judgment is affirmed.