VALLEY NATIONAL BANK OF ARIZONA *v.* Warren STROUD and Carol STROUD, and Bobby EPPERSON, Commissioner

86-47                                               711 S.W.2d 785

Supreme Court of Arkansas
Opinion delivered June 23, 1986

*Peel & Eddy*, by: *David L. Eddy*, for appellant.

*Streett & Kennedy*, by: *Alex G. Streett*, for appellee.

JOHN I. PURTLE, Justice. The chancellor entered a decree of divorce in which certain property of the parties was ordered sold at public auction. The court appointed the chancery clerk commissioner for the purpose of conducting the sale. The clerk was awarded a fee for his services in the amount of $600.00. The clerk accepted the husband's bid at the first sale; however, the husband was unable to consummate the sale and the property was auctioned off at a second sale for the sum of $52,000.

The Strouds owed money on a promissory note and mortgage on their home place. They defaulted and the mortgage holder intervened to foreclose the mortgage. The parties to the divorce owed the appellant on an open line of credit. The appellant was allowed to intervene in the divorce proceeding and obtained a summary judgment against the parties to the divorce in the amount of $29,809.03.

During the divorce proceeding the chancery clerk held funds belonging to the parties to the divorce in the amount of $29,567.19. Appellant garnished these funds, which were insufficient to pay appellant's judgment. The clerk's commission in the

amount of $600 was paid from the funds held in escrow. The appellants argue on appeal that the fee allowed for the services in connection with the sale were excessive.

The only issue on appeal is whether the court erred in allowing the commissioner's fee in an amount in excess of the fee established in Ark. Stat. Ann. § 12-1712 (Repl. 1979). This statute establishes a fee schedule for commissioners at judicial sales. A sale for $35,000 or more calls for a commission of one-tenth of one per cent. Based on the sale of the real property in this case the commissioner would be entitled to a fee of $52.00.

The other statute relevant to this dispute is Ark. Stat. Ann. § 22-449 (Supp. 1985). The pertinent part of the last cited statute reads as follows: "Any master or *commissioner* appointed shall receive for such services such compensation as may be fixed by the court, *unless the amount* of compensation *shall be now* or hereafter *fixed by law* [emphasis added]." In the present case we have a general and a special statute involved. In statutory construction where specific expressions conflict with general expressions, the rule is to give greater effect to the specific expression. *Thomas* v. *Easley*, 277 Ark. 222, 640 S.W.2d 797 (1982). It is not necessary to resort to this rule of construction in the present case because the general statute (§ 22-449) expressly exempts cases where the compensation may now or hereafter be fixed by law. The specific statute (§ 12-1712) was in effect at the time of the enactment of the general statute.

We hold that the real property was sold only one time and that was for the amount of $52,000. The fee fixed by law for such sale is $52.00. A sale is not completed until it is confirmed by the court. The first sale was not confirmed.

Reversed and remanded with instructions to proceed in a manner not inconsistent with this opinion.