Charles L. Robinson Legislative Auditor State Capitol Little Rock, AR 72201
Dear Mr. Robinson:
This is in response to your request for an official opinion on the following questions:
 1. Is a circuit or chancery clerk and/or any other individual appointed as a master or commissioner in chancery a county employee?
 2. Is a master or commissioner in chancery entitled to fees as compensation, or must compensation be set by quorum court ordinance if the individual is considered a county employee?
 3. Is a circuit or chancery clerk acting as ex-officio master or commissioner in chancery entitled to receive additional compensation for services provided as master or commissioner in chancery, or are such services considered duties of the office of the circuit or chancery clerk, and thereby not entitled to additional compensation?
 4. If the answer to #1 is no, does Ark. Stat. Ann. 17-4208, the County Code of Ethics prevent the circuit or chancery clerk from receiving compensation as master or commissioner in chancery?
In response to your first question, for purposes of this opinion it will be assumed that the question is asked in the context of Amendment 55 to the Arkansas Constitution. Restated, therefore, the question is whether a master or commissioner in chancery is a county employee within the meaning of Amendment 55.
Although there is no case law specifically on point, the few court opinions in this gray area indicate that the answer to this question is no. In Venhaus v. State Ex. Rel. Lofton, 684 S.W.2d 252
(1985), the Supreme Court ruled that the quorum court is without discretion to set the expenses of State courts, and that the quorum court could not, therefore, establish the amount of compensation of circuit court probation officers. The Court held, in essence, that these individuals are not county employees within the meaning of Amendment 55. The Court reasoned that the quorum court has jurisdiction only over "local matters," and that the circuit court and its employees are not a local matter.684 S.W.2d at 253. The legislative branch, according to the Court, fixes salaries under Arkansas constitutional doctrine. Id. at 255.
The case of Bahil v. Scribner, 265 Ark. 834, 581 S.W.2d 334 (1979) should also be noted in this regard. The Supreme Court held in that case that delinquent tax collectors are "county officers or employees" within the meaning of Amendment 55. The Court emphasized the "mutual relationship" between the county collector and the county clerk's office, and the following factors were determinative:
 The [delinquent tax collectors] conducted their operations out of the county courthouse. The county supplied their office space and utilities. Their bonds were payable to the county. The county paid the employer's part of their social security payments, and the county paid the employer's part of their state retirement payments.
These factors would also appear to apply to the probation officers whose compensation was at issue in Venhaus v. State Ex Rel. Lofton, supra. The Court's ruling in Venhaus implies, however, that these factors are not determinative with respect to officers or employees of the Court. Masters or commissioners in chancery would fall into this same category of officers or employers of a State court, and the Venhaus decision would support the proposition that they are not to be considered county employees within the meaning of Amendment 55.
Your second question relates specifically to compensation. The answer to the first part of this question is yes, with regard to commissioners in chancery. Ark. Stat. Ann. 22-449 (Supp. 1985) states that the master or commissioner shall receive such compensation as may be fixed by the court, "unless the amount of compensation shall be now or hereafter fixed by law." Ark. Stat. Ann. 12-1712 (Repl. (1979) establishes a particular fee schedule for commissioners at judicial sales. The amount of compensation for a commissioner has, therefore, been fixed by law. And there is at least one recent Supreme Court case indicating that this method of compensation is being followed for commissioners. See Valley Nat. Bank of Ariz. v. Stroud, 711 S.W.2d 785 (1986).
Neither Amendment 55 nor Ark. Stat. Ann. 12-1740 (Repl. 1979) would appear to preclude this method of compensation for commissioners. 12-1712, unlike the fee compensation provision at issue in Bahil v. Scribner, supra [Ark. Stat. Ann. 84-1006 — 84-1010 (Repl. 1960)], was not explicitly repealed by the enabling legislation to Amendment 55. See 117 of Act 742 of 1977. Furthermore, according to the rationale of the Supreme Court in Venhaus v. State Ex. Rel. Lofton, supra, masters and commissioners in chancery are not deemed to be county officers or employees within the meaning of Amendment 55. No conflict exists, therefore, between 12-1740 and 12-1712, and all doubt must be resolved in favor of the legality of the General Assembly enactment. Jones v. Mears, 256 Ark. 825, 510 S.W.2d 857 (1974).
There is no fee compensation provision with respect to masters in chancery. The General Assembly has provided for their compensation under 22-449, which suggests that such compensation will be fixed by the Court. With the exception of Ark. Stat. Ann. 22-447.1 (Supp. 1985) dealing with standing masters, no amount of compensation has been "fixed by law" for masters in chancery.
In response to your third question, Ark. Stat. Ann. 22-449 (Supp. 1985) states in pertinent part as follows:
 "Any Master or Commissioner appointed shall receive for such services such compensation as may be fixed by the court, unless the amount of compensation shall be now or hereafter fixed by law." 22-449 is also specific in stating that the clerk of the court may be appointed as master or commissioner in chancery, but that the clerk "shall not act as such without specific appointment."
Although there are no cases addressing this question, it would appear that the circuit clerks, who with the exception of the Pulaski County clerk are by law clerks of the chancery courts [See Ark. Stat. Ann. 22-441 (Repl. 1962)], are entitled to compensation when they are appointed as master or commissioner. Ark. Stat. Ann. 17-4201(8) (Supp. 1985) does not preclude this since the clerk does not perform the service of master or commissioner "by law." 22-449 clearly states that the clerk's actions as master or commissioner "shall not be considered a part of the duties of his office." 17-4201(7) and 22-449 do not, therefore, appear to conflict.
Your final question relates to Ark. Stat. Ann. 17-4208. The provisions contained therein would not appear to affect the circuit or chancery clerk's right to receive compensation as master or commissioner in chancery. The clerk acts as master or commissioner by specific appointment only. The clerk is therefore undistinguishable from other individuals in this regard, and cannot be said to act in violation of 17-4208.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
Steve Clark Attorney General
SC:EAW:jr