The Honorable John W. "Bill" Ramsey State Representative, District 12 Post Office Box 6 Prairie Grove, Arkansas 72753
Dear Representative Ramsey:
This official opinion is in response to your request in which you asked the following questions.
 1. Whether the special revenue fund designated as the "Manufactured Housing Recovery Fund" (Act 346 of 1987) can earn and retain interest revenue.
 2. Whether the chief fiscal officer can transfer funds from the "Manufactured Housing Recovery Fund" (Act 346 of 1987) to the Manufactured Home Trust Fund" (Act 214 of 1987).
It is the opinion of this Office that the answer to your first question is yes. Generally, special revenue funds do not normally generate or retain interest. However, this is not the rule where a specific act of the legislature has designated that a special revenue fund be maintained by interest income. For example, Act 346 of 1987 4 provides as follows:
 (3) The assets of the fund may be invested and reinvested as the Commission may determine with the advice of the State Board of Finance.
 (4) Interest revenues derived from the fund shall be used to maintain the fund.
Therefore, based on this section of Act 346 of 1987, it would appear that this special revenue fund could acquire interest income. According to Arkansas law where a special statute governs a particular subject it shall apply instead of a general law. Brown Root, Inc. v. Hemstead County Sand Gravel, Inc., 767 F.2d 262 (1985). Also, as a matter of statutory construction, where specific expressions conflict with general expressions, the rule is to give greater effect to the specific expression. Valley National Bank of Arizona v. Stroud, 289 Ark. 284, 711 S.W.2d 785
(1986). Thus, this specific act of the Legislature (Act 346 of 1987 4) should control.
Furthermore, interest income derived from the above Manufactured Housing Recovery Fund should be classified as trust fund income and the net amount thereof should be credited to the Securities Reserve Fund pursuant to (I) of Act 12 of 1965 (First Extraordinary Session.) Act 945 4(1) of 1987 provides that funds from the Securities Reserve Fund shall be transferred to the Budget Stabilization Trust Fund. Furthermore, [T]he State Treasurer shall, after complying with the provisions of 1 of Act 438 of 1979 for distributing interest income earned from investment of average daily balances of the "State Highway and Transportation Department Fund"; Act 327 of 1983 for distributing interest earned from investment of average daily balances of the "Game Protection Fund"; and any other laws enacted by the General Assembly for disposition of interest income earned from average daily State Treasury balances; credit to the "Budget Stabilization Trust Fund" fifty percent (50%) of the interest income received and credited to the "Securities Reserve Fund" and credit to the "General Improvement Fund" fifty percent (50%) of the interest income received and credited to the "Securities Reserve Fund" as certified by the Chief Fiscal Officer of the State.
Therefore, it would appear that the general provision in Act 945, 4 of 1987 coupled with the specific provision in Act 346, 4 of 1987 would allow for this particular fund to retain interest income earned from investments.
It is the opinion of this Office that the answer to your second question is no. Ark. Stat. Ann. 13-531.1 (1985 Cum. Supp.) provides when the Chief Fiscal Officer of the State is authorized to direct transfer of funds on the books of the State Treasurer, State Auditor, and Department of Finance and Administration. This Office can locate no particular provision under this section of the statute that would allow a transfer of funds in the instance which you describe. However, there appears to be no specific statute which establishes the Manufactured Home Trust Fund other than the appropriation in Act 214 of 1987. Consequently, it could be argued that the Manufactured Housing Recovery Fund and the Manufactured Home Trust Fund are one and the same, but with different names. In order for this to be true, the monies appropriated pursuant to Act 214 of 1987 for the Manufactured Home Trust Fund must have been intended for the purpose of satisfying Act 346 of 1987. If this is what the legislature intended, then the "Manufactured Home Trust Fund" could be used interchangeably. However, the ultimate decision may be with the State Treasurer since, pursuant to Ark. Stat. Ann. 13-535.1(D), the State Treasurer is authorized to refuse to make any transfer if it is his opinion that sufficient proof of the legality of the transfer is not provided. Although, if it is determined that these acts are interchangeable this may not be considered a transfer of funds.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Rick D. Hogan.