Mr. Norman F. Williams Arkansas Geological Commission 3815 West Roosevelt Rd. Little Rock, AR 72204
Dear Mr. Williams:
This is in response to your request for an opinion with regard to the amount of mileage reimbursement authorized for members of the State Board of Registration for Professional Geologists.
It is my opinion that the authorized reimbursement is twenty-five cents per mile, in accordance with A.C.A. 17-45-201(h) (Supp. 1989), which states in pertinent part:
 The members of the [State Board of Registration for Professional Geologists] shall be reimbursed for expenses during any scheduled or nonscheduled called meeting, plus mileage at the rate of twenty-five cents (25 cents) per mile based on a round trip between home and the meeting place.
As noted in your request, consideration must be given in this regard to A.C.A. 25-16-802, which states:
 Official members of the various boards and commissions of the State of Arkansas are authorized to receive mileage reimbursement for travel expenses incurred while performing official duties of those boards and commissions. Reimbursement shall be in an amount not to exceed that which is authorized by law as the maximum allowable mileage reimbursement for state employees at the time the travel is incurred by the various board and commission members.
This section was reenacted by Act 862 of 1987, which was approved on April 13, 1987. The mileage authorized for the year ending June 30, 1988, was twenty-one cents per mile.
The twenty-five cents per mile figure is found in Section 3.(h) of Act 701 of 1987 (codified as A.C.A. 17-45-201(h) (Supp. 1987), supra). Act 701 was approved April 7, 1987.
It must therefore be recognized that there does appear to be a conflict between these two provisions, the later one in time being Section 25-16-802, pursuant to which the twenty-one cents per mile figure was established. It must also be noted, however, that while Section 25-16-802 reflects a general expression of legislative intent, Section 17-45-201(h) addresses, specifically, mileage reimbursement for members of the State Board of Registration for Professional Geologists. As a matter of statutory construction, where specific expressions conflict with general expression, the rule is to give greater effect to the specific expression. Valley National Bank of Arizona v. Stroud,289 Ark. 284, 711 S.W.2d 785 (1986), citing Thomas v. Easley,277 Ark. 222, 640 S.W.2d 797 (1982). A general law ordinarily does not apply where there is another statute governing the particular subject, irrespective of the dates of their passage. Williams v. Pulaski Co. Elec. Comm'n, 249 Ark. 309, 459 S.W.2d 52 (1970).
In addition to the foregoing precepts, the conclusion that Section 17-45-201(h) (Supp. 1989) is controlling in this instance is also compelled by the language of Act 834 of 1987 wherein it states:
Any enactment resulting from the passage of House Bills 1874 through 1938, inclusive, shall be interperted [sic] as a re-enactment of the law existing prior to the convening of the regular session of the Seventy-Sixth General Assembly and shall not repeal any other Act of the regular session of the Seventy-Sixth General Assembly. In the event any other Act of the regular session of the Seventy-Sixth General Assembly conflicts with any enactment resulting from the passage of House Bills 1874 through 1938, inclusive, the other Act shall be controlling as the latest expression of the intent of the General Assembly.
Act 1987, No. 834, 2.
As noted in the Arkansas Code Revision Commission Notes to A.C.A.25-16-802 (Supp. 1989), this section was reenacted by Act 862 of 1987. Thus, in accordance with Act 834 of 1987, supra, the re-enactment reflected in Act 862 of 1987 should not be construed as repealing Act 701 of 1987 (17-45-201(h) (Supp. 1989)). To the extent that these provisions conflict, Section 17-45-201(h) is controlling.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.