The Honorable Bruce Hawkins State Representative 211 East Church Morrilton, AR 72110
Dear Representative Hawkins:
This is in response to your request for an opinion on the following questions concerning A.C.A. 17-14-302 (1987):
 1. 17-14-302(a)(1) (a)(4) — there are two questions concerning these areas:
 (a) can professional engineers and/or other residents of this state legally form and devise plans and designs, and draw up specifications for public school buildings? [Emphasis original.]
 (b) does the cost of the structure affect this determination? (i.e. $50,000 or $75,000)
2. 17-14-302(c) — there are three questions on this one:
(a) does this exemption still apply to school districts?
 (b) has the dollar amount been changed from $50,000 to $75,000?
 (c) if it does apply, who can legally prepare these plans and specifications for school districts?
With regard to your first question, the language of subsections (a)(1) and (a)(4) of Section 17-14-302 must be considered. These subsections state as follows:
 (a) The following shall be exempt from the provisions of this chapter:
 (1) Professional engineers duly licensed or registered, but only insofar as concerns work incidental to engineering practice and as the scope of their entrance-to-practice examination under the conditions of the engineer's state registration law proves competency, providing such persons do not use the designation `architect' or any term derived therefrom;
* * *
 (4) Residents of this state who do not use the title `architect' or any term derived therefrom, who act as designers for:
 (A) Buildings that are to be constructed for personal use, such as residences, if such buildings are not intended or adaptable for public employment, assembly, or any other use under which they will be open to the public;
 (B) Single family detached, duplex, triplex, and quadruplex dwellings;
 (C) Buildings that are constructed at a cost, not including site, of not to exceed seventy-five thousand dollars ($75,000)[.]
In response to part (a) of your first question, it is my opinion that 17-14-302(a)(1), above, outlines the circumstances under which professional engineers may be involved in the plans and designs for public school buildings for purposes of the exemption. Engineers may, in my opinion, legally form and devise plans and designs, and draw up specifications for public school buildings, to the extent that the activity involved ". . . concerns work incidental to engineering practice and as the scope of the entrance-to-practice examination . . . proves competency." See A.C.A. 17-14-302(a)(1), supra.[1] This conclusion is compelled by the language of this subsection wherein it exempts licensed or registered professional engineers "but only insofar as. . . ." (Emphasis added.) This specific exemption language will, in my opinion, apply rather than the other provisions pertaining to public school districts. see A.C.A. 17-42-302(b) and (c).[2]
With regard to other residents of the state, it may reasonably be concluded that the answer to your question is "yes", under the conditions specified in Section 17-14-302 (b) and (c). Subsection (a)(4) does not, in my opinion, apply in the case of public school districts. It is significant to note in this regard that although Section 17-14-302 has been amended in several respects over the years, primarily as to the dollar amounts for the exemptions, the language of subsections (b) and (c) has basically remained the same from the initial act to the present. See Acts 1941, No. 270, 2; Acts 1959, No. 157, 1; Acts 1973, No. 417, 1; Acts 1975 (Ext. Sess. 1976), No. 1204, 1; Acts 1981, No. 18, 1. Subsections (b) and (c) state:
(b)(1) The terms of this chapter shall not apply to:
 (A) Any public school district exempted from the provisions of this chapter; or
 (B) Every public school district embracing a city with a population in excess of thirty thousand (30,000), which maintains a full-time superintendent of buildings with engineering and architectural experience.
(2) This exception shall only apply:
 (A) To the repair and maintenance of building already constructed and alterations thereof; and
 (B) To new structures that will not exceed in cost the sum of seventy-five thousand dollars ($75,000).
* * *
 (c) The provisions of this chapter shall not apply to any public school district where the cost of the building, alteration, or structure does not exceed the sum of fifty thousand dollars ($50,000).
It must be concluded that these specific provisions as to public school districts apply, rather than subsection (a)(4). It is well-established that in determining legislative intent, each section of a statute is read in light of every other section. Chism v. Phelps, 228 Ark. 936, 311 S.W.2d 297 (1958). The courts will, moreover, reconcile different statutory provisions to make them consistent, harmonious and sensible. Ragland v. Allen Transformer Co., 293 Ark. 601, 740 S.W.2d 133 (1987); Berry v. Gordon, 237 Ark. 547, 376 S.W.2d 279 (1964).
Applying these precepts, we can reconcile subsection (a)(4)(C), which establishes a $75,000 construction limit, and subsection (b)(2)(B) and subsection (c), which establish limits of $75,000 and $50,000, respectively, by recognizing that public school districts are addressed, specifically, in the latter two provisions. The specific expression will, as a matter of statutory construction, be controlling in the event of a conflict with a general expression. See, e.g., Valley National Bank of Arizona v. Stroud, 289 Ark. 284, 711 S.W.2d 785 (1986).
Thus, residents may devise plans and designs, and draw up specifications for public school districts, if the facts are in accordance with Section 17-14-302 (b) and (c). See above.
As to the second part of your first question, involving the cost of the structure, the answer is "yes". It is my opinion that the $50,000 limit applies to "any public school district", (A.C.A.17-14-302(c)), with the exception of public school districts "embracing a city with a population in excess of thirty thousand (30,000), which maintains a full-time superintendent of buildings. . . ." (A.C.A. 17-14-302(b)(1)(B)). The $75,000 limit under subsection (b)(2)(B) will apply in those districts. This construction reflects a reasonable reconciliation of subsection (B)(2)(B) and subsection (c) of Section 17-14-302.
The answer to subpart (a) of your second question is, in my opinion, "yes," except for districts with full-time building superintendents, in cities over 30,000, as specified in17-14-302(b)(1)(B).
As to subpart (b) of this question, the dollar amount has not been changed. As noted above, the language of 17-14-302(c) has remained the same over the years, with the exception of the increase in the dollar amount from the original $10,000 to $50,000 in 1973 (Act 417 of 1973). The other dollar limits were also increased over time. (Subsection (b)(2)(B) was increased from $25,000, to $50,000, and finally to $75,000. See Act 1204 of 1975 and Act 18 of 1981, respectively.) The provision establishing the $75,000 limit should not be construed as affecting the $50,000 figure in subsection (c), particularly in light of the fact that neither repeals nor amendments by implication are favored in construing statutes. Firemen's Fund Ins. Co. v. Polk County, 260 Ark. 799,543 S.W.2d 947 (1976).
Finally, as to who can legally prepare plans and specifications under Section 17-14-302(c), this subsection imposes no limitations in this regard. It is my opinion, however, as previously stated, that the work of professional engineers in this connection must be in accordance with Section 17-14-302(a)(1).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] This is, of course, a factual question to be decided on a case by case basis. It should also be recognized that the engineer must not use the designation "architect," ". . . or any term derived therefrom." A.C.A. 17-14-302(a)(1).
[2] The actions of an engineer who is "a full-time superintendent of buildings with engineering and architectural experience", in a school district affected by 17-14-302(b)(1)(B), would arguably not be so limited. See language of 17-14-302(b)(1)(B), infra.