The Honorable Mike Beebe State Senator 211 W. Arch Searcy, AR 72143
Dear Senator Beebe:
This is in response to your request for an opinion on the following question:
 What are the minimum qualifications for a person to become a city plumbing inspector?
It must be noted, as an initial matter, that it is my understanding that recent litigation in Arkansas County involved an issue or issues regarding the qualifications of plumbing inspectors.[1] I do not know the specifics of that litigation or whether the litigation involved any other issues. This opinion, however, should not be construed to address the particulars of any such litigation. Rather, it will address generally the qualifications of plumbing inspectors.
It must also be noted that you have indicated in your request that there is apparently a discrepancy in the understanding of what is required as qualifications for city plumbing inspectors based on the fact that "the State Health Department indicates that the minimum qualifications consist of merely being a licensed plumber," while "other authorities have suggested that one must first be a master plumber with ten years of experience." The State Board of Health requirements (see n. 2, infra) are set out in the State Plumbing Code (A.C.A. § 17-31-101—408 (Repl. 1992)) and regulations promulgated pursuant thereto. I assume your reference to the requirement that a plumbing inspector be a master plumber with ten years of experience is based on the statutory provision pertaining to the regulation of plumbing and plumbers by municipalities, which is set out in the Arkansas Code in the chapter entitled "Powers of Municipalities Generally," A.C.A. §§ 14-54-101—1408 (1987). See generally A.C.A. §§14-54-1001—1017. Section 14-54-1014(e) states that no person shall be eligible for the office of plumbing inspector unless he shall have had at least ten years' practical experience in the business of plumbing.
It appears that there may be a threshold question regarding a potential conflict between the number of years of experience required for qualification as a plumbing inspector as set out in the State Plumbing Code and Board regulations (Title 17 of the Code), and as authorized under the Code provision pertaining to the general powers of municipalities (in Title 14). Insofar as any conflict does exist between the two statutes with regard to the number of years of experience required, in my opinion, the State Plumbing Code would be the controlling authority. Based upon established rules of statutory construction, §§14-54-1001—1017 would be deemed by a court to have been superseded by §§ 17-31-101—408, the State Plumbing Code, to the extent of any conflict. See generally Nance v. Williams,263 Ark. 237, 564 S.W.2d 212 (1978). The Arkansas Supreme Court has consistently held that when two statutes conflict and cannot be reconciled, the later one in time controls. State v.Lawrence, 246 Ark. 644, 439 S.W.2d 819 (1969). And where a special statute governs a particular subject, it shall apply instead of a general law. Valley National Bank of Arizona v.Stroud, 289 Ark. 284, 711 S.W.2d 785 (1986).
It is also a well established maxim that the interpretation of statutes by an administrative agency, while not conclusive, is highly persuasive. Arkansas Contractor's Licensing Board v.Butler Construction Co., 295 Ark. 223, 7 S.W.2d 129 (1988). The Board has interpreted the State Plumbing Code as having superseded the municipal ten years' experience requirement. Nowhere in the Board rules is ten years of experience required prior to certification as a plumbing inspector. Accordingly, the municipal requirement of ten years' prior experience before being eligible to be a plumbing inspector has been, in my opinion, superseded by Board rule.
As a general matter, however, for the following reasons, it is my opinion that the additional qualifications required for a person to be eligible to become a city plumbing inspector depend upon whether the particular city in question has established a system of plumbing inspections and provided for a local inspector pursuant to A.C.A. §§ 17-31-204(d) and (g). In cities with such a system, the municipality may enact ordinances regarding the inspection of plumbing which are not in conflict with and which equal or exceed the minimum standards prescribed by the State Board of Health ("Board"). A.C.A. § 17-31-204(a).[2] In cities without such a system, however, it is clear that the minimum standards prescribed by the Board shall control.
Section 17-31-301(d) states that no person shall act as a plumbing inspector in this state without first obtaining a certificate of competency as a plumbing inspector, which shall be issued by the Department. The Board has adopted additional regulations (pursuant to its authority at A.C.A. § 17-31-201(a)) pertaining to plumbing inspector certification. Certificates of competency for plumbing inspectors are more thoroughly addressed in these regulations and they should therefore be referenced with regard to specific requirements for inspectors. Local ordinances should also be referenced to determine whether the particular city in question has provided for a system of plumbing inspections and, if so, whether the city has adopted requirements for its inspectors more stringent than those established by the Board.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
SLD:cyh
[1] See Stephens v. Raines, No. CIV 92-111 (Arkansas County Circuit Court, Northern District).
[2] It appears that the authority of the State Board of Health and the State Department of Health overlap to some extent with regard to the minimum standards for plumbing inspections which may be issued pursuant to the State Plumbing Code (A.C.A. §§17-31-101—408 (Repl. 1992)). See § 17-31-201(a)(2) (c) and §17-31-204(a). References to "minimum standards" in this opinion will be to those enacted through rule or regulation of the State Board of Health.